**UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY**

| IN RE: | ) | | |
|---|---|---|---|
| | ) | | |
| RICKY BALDWIN and | ) | CASE NOS. | 20-10009(1)(7) |
| LORIE JEAN BALDWIN | ) | | |
| MELISSA ANN MADDOX | ) | | 20-10037(1)(7) |
| JIMMY MICHAEL LAWHORN | ) | | 20-10048(1)(7) |
| AARON DEON HADLEY and | ) | | 20-10068(1)(7) |
| EMILY BELLE HADLEY | ) | | |
| DARRELL WAYNE OLLERY and | ) | | 20-10084(1)(7) |
| DONNA KAY OLLERY | ) | | |
| SHEILA JOAN CARLTON | ) | | 20-10088(1)(7) |
| GREGORY RYAN BALDOCK | ) | | 20-10158(1)(7) |
| STEPHEN ALLEN THOMAS | ) | | 20-10207(1)(7) |
| ROBERT LLOYD RAY and | ) | | 20-10211(1)(7) |
| SHEILA LOIS RAY | ) | | |
| MARILYN L. JANES | ) | | 20-10225(1)(7) |
| HEATHER RENEE HUTCHINS | ) | | 20-30066(1)(7) |
| | ) | | |
| Debtor(s) | ) | | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Reconsider or Set Aside Memorandum Decision and Related Orders and to Allow a Response and a Hearing ("Motion to Reconsider"), filed by Harris and Harris, PSC ("Harris"), counsel to the above-referenced Chapter 7 Debtors. The Court considered the Motion to Reconsider, the Response to the Motion to Reconsider filed by Paul A. Randolph, Acting United States Trustee for Region Eight ("UST"), as well as the comments of counsel for both parties at the hearing held on the matter. For the following reasons, the Court will deny Harris' Motion to Reconsider. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

**INTRODUCTION**

The Motion to Reconsider requests this Court to set aside the Memorandum-Opinion issued on October 5, 2021 in which this Court determined that the bifurcated fee agreements between Harris and Fresh Start Funding ("FSF") that were used in the eleven Chapter 7 cases referenced above, were cancelled as they violated the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Kentucky Rules of Professional Conduct. The Court further ordered that bifurcated fee agreements, such as those used by FSF and Harris, shall not be entered into between any attorney representing Chapter 7 Debtors in the United States Bankruptcy Court for the Western District of Kentucky.

Harris requests that this Court reconsider or set aside its Memorandum-Opinion dated October 5, 2021, pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59, or in the alternative, pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b). Harris requests, at a minimum, that he be allowed to file a "more formal response" and "produce evidence in a hearing." As the following demonstrates, Harris was afforded adequate notice and an opportunity to respond to each matter addressed in the Court's Memorandum-Opinion. Furthermore, there is no relief available to Harris because he cannot meet the standards for relief under Fed. R. Bankr. P. 9023 and 9024.

Rule 9023 of the Bankruptcy Rules of Procedure, incorporates Rule 59(e) of the Federal Rules of Civil Procedure. The grant or denial of a Rule 59(e) motion is within the informed discretion of the Court. *Paul T. v. Fifth Third Mortg. Co.* (*In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008). A court may reconsider a previous judgment: (1) to accommodate an intervening change in controlling law; (2) to account for newly discovered evidence; (3) to correct a clear error of law; or (4) to prevent manifest injustice. *Id.*, citing *Gencorp., Inc. v. Am. Int'l*

*Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not intended to provide the parties an opportunity to relitigate previously decided matters or present new theories. Rather, such motions are meant to allow for the correction of "manifest error of fact or law, or the presentation of newly-discovered evidence." *Id.* The burden of demonstrating this criteria is on the party seeking reconsideration. *Id.*

Harris correctly notes that the Memorandum-Opinion was not intended as a final, appealable judgment. Following the entry of the Memorandum-Opinion at issue here, the Court also entered another Order on October 5, 2021 in each of the eleven cases herein which stated that the bifurcated fee agreements were cancelled and that the "United States Trustee is directed to take further action with respect to the cancelled fee agreements consistent with the Memorandum-Opinion." *See* Dkt. No. 43 in the Baldwin case. Thus, the Memorandum-Opinion was not a final Order.

Harris also cites Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b), in support of the pending Motion for Reconsideration. The very terms of Rule 60(b) premise relief "from a final judgment, order or proceeding . . ." Fed. R. Civ. 60(b). Since the October 5, 2021 Memorandum-Opinion was not a final order, it appears that relief under Rule 60(b) is inappropriate. Harris, however, contends that the Judgment is void under Rule 60(b)(4), "if the Court that rendered it lacked jurisdiction of the subject matter or the parties, or if it acted in a manner inconsistent with due process of law." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992). Harris states that he was denied due process and is therefore entitled to relief under Rule 60(b)(4).

In *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010), the Supreme Court stated that Rule 60(b)(4), "applies only in the rare instance where a judgment is premised either on

a certain type of jurisdictional error or on a violation of due process that deprives the party of notice or the opportunity to be heard." As the following demonstrates, there was no due process violation and relief is not available to Harris under Rule 60(b)(4).

**PROCEDURAL AND FACTUAL BACKGROUND**

Harris contends his procedural due process rights were violated because he "was not given adequate notice of the alleged problems with his bifurcation practice or any meaningful chance to respond." *See* p. 10 of Harris' Motion to Reconsider. The United States Supreme Court has stated that due process requires notice "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). A review of the docket sheet in this matter, the procedural history of the case as set forth in the Motion to Reconsider at pp. 2-6, as well as numerous subsequent Orders of the Court detailed herein, establish that Harris was afforded due process. These Orders include the April 3, 2020 Order requiring Harris to show cause regarding his Disclosure of Compensation form filed in each case. Harris participated in the hearing held on the Show Cause Order and filed a written response on July 28, 2020. He acknowledged that he failed to list the post-petition balance owed and stated that he believed the narrative he provided in the Disclosure of Compensation described the engagement structure, as well as post-petition fees owed and complied with 11 U.S.C. § 328. Subsequent Orders required Harris to produce relevant documents regarding his financing arrangements with FSF, discovery was conducted by the UST including 2004 Exams of the Debtors to which Harris attended – all of which are set forth in detail in paragraphs 6-9 of the UST's Reply to the Motion to Reconsider.

There can be little argument that when this Court issued its Order of January 13, 2021, in which it cited the UST's 37-page Memorandum that it was this Court's Opinion that the bifurcated fee agreements Harris used with FSF violated both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. The Court then ordered Harris to seek an ethical opinion from the KBA as to whether these contracts violated the Rules of Professional Conduct as adopted by the Kentucky Supreme Court. Harris was well aware at that point of the issues at hand. He neither requested an opportunity to respond to the UST's Memorandum, nor did he request a hearing. He did not respond to the UST's Memorandum and did nothing until this Court requested a status report from Harris regarding the KBA Opinion on July 6, 2021. Even after filing the Status Report, Harris still took no action until this Court issued its Memorandum-Opinion nearly three months later on October 5, 2021.

Despite all of these facts, the record is clear that Harris was on actual notice that his fee was at issue in this case on April 3, 2020 when the Court issued an Order for Harris to show cause regarding the post-petition fees paid or owing to Debtor's counsel. Debtor was required by Federal Rule of Bankruptcy Procedure 2016(b) and 11 U.S.C. § 329 to file the Disclosure of Compensation regarding the compensation he was paid or agreed to be paid by the Debtor. This document was filed on January 16, 2020. Once that form was filed, all issues related to Harris' fees were submitted to review by the Court.

In *In re Kisseberth*, 273 F.3d 714, 719 (6th Cir. 2001), an attorney claimed his Fifth Amendment right to due process of law was violated when the bankruptcy court ordered disgorgement of fees in a Chapter 7 case and denied the attorney an evidentiary hearing on the matter. The Sixth Circuit in *Kisseberth* first determined that there was no due process violation

because the attorney had actual notice that the court would exercise its jurisdiction over fees in the case. The court had made statements in a pre-trial conference questioning the attorney's fees related to a transcript in the case but these statements were not what put the attorney on notice that his fees were in issue.

The attorney in *Kisseberth* claimed his right to due process was violated when the bankruptcy court denied him an evidentiary hearing and ordered disgorgement of the fee charged by the attorney related to the transcript. While the bankruptcy court made statements that it questioned whether it had *in personam* jurisdiction over a non-party who had claimed some of the fees the attorney had collected related to the transcript, the Sixth Circuit made it clear there was no due process violation. The *Kisseberth* court stated as follows:

> Regardless of these statements, Henderson had reasonable notice that his entire fee was at issue in the bankruptcy proceeding. The bankruptcy court, at the same pretrial conference, repeatedly expressed the view that it had the authority to determine the amount of fees to be paid for services in any and all bankruptcy proceedings. In addition, **Henderson submitted all issues relating to his fees to the bankruptcy court by filing his application for fees with the court**. By including the transcript funds in the amount of collected fees for which he sought approval, Henderson was on notice that the bankruptcy court would examine the propriety of his receipt and retention of those funds.

*Id.* at 719 (emphasis added). The *Kisseberth* court relied on the bankruptcy court's inherent power to order disgorgement of attorneys fees charged "in connection with the bankruptcy case," citing 11 U.S.C. §329, which provides that the bankruptcy court may order disgorgement of any excessive fees charged "in connection with" a bankruptcy case. *Id.*

The fee issues raised in these cases, which for the most part were uncomplicated Chapter 7 cases, were at issue when the Disclosure of Compensation form was filed. When Harris filed his Rule 2016 Disclosure of Compensation form, Harris was on notice that all aspects related to his fee

were subject to review by the Court as a matter of law. However, once the Court issued the Order requiring him to show cause on the fees on April 3, 2020, there was no doubt that Harris' fees were at issue in the case. There was no due process violation as Harris had actual notice that the fees were at issue in the case.

Harris contends that during the hearing on the show cause order that the Court discussed the possibility of convening a joint hearing with the three bankruptcy judges of the Western District of Kentucky. The Court also discussed requiring Harris to file certain documents and obtaining a position statement from the UST. On August 6, 2020, the Court issued an Order requiring Harris to file all written agreements and/or contracts between him and the Debtors. Harris complied with the Order on August 17, 2020. The Court also issued an Order on September 3, 2020, requiring the UST to file a memorandum on its position regarding the ethical obligations of Debtors' attorneys in Chapter 7 with respect to the FSF contracts. Harris states, "The Order did not contemplate, direct, or even allow Harris an opportunity thereafter to respond to the UST brief." As stated above, the record clearly shows that Harris was aware of the issues and concerns the Court had with the fees, his disclosures, and the FSF contracts. As in *Kisseberth*, Harris was on notice that his fees were at issue the moment he filed his Disclosure of Compensation. Harris could have asked for an opportunity to file a brief on the fee issues and the FSF contracts or he could have requested a hearing on the matter at any time. He did neither.

After Harris was ordered to file the FSF contracts at issue in each case, the UST requested additional time to file its memorandum because it wanted to conduct interviews of the Debtors. Harris attended each of the 2004 examinations of the debtors taken by the UST. Harris was fully aware that his fee contracts in these cases were subject to the UST, as well as the Court's, scrutiny.

On December 21, 2020, the UST filed its 37-page Memorandum which detailed the UST's findings that the bifurcated fee agreements used by Harris were defective and unreasonable. On January 13, 2021, the Court then issued its Order which required Harris to seek an opinion from the KBA on the ethical propriety of the legal contracts in each of the cases. The Court further stated "upon receipt of an opinion by the KBA, attorney Harris shall file the opinion in each of the Debtor cases therein. Thereafter, the Court will undertake an *en banc* review of the matter and notify the parties herein of any further action." At the hearing held on the Motion to Reconsider, Harris' counsel stated that based on the prior *Gividen*[1] case and the Court's Order dated January 13, 2021, Harris believed the matter would proceed with an evidentiary hearing, possibly an *en banc* hearing, at which he would be able to defend the contracts and present evidence.

This case did not proceed as the Court had anticipated the *Gividen* case would proceed. Although the Court referenced the possibility of an *en banc* review after the KBA issued its opinion, no KBA opinion was issued, as the KBA declined to rule or issue an opinion on the matter. The Court did not schedule the matter for *en banc* evidentiary hearing because the KBA had refused to issue an opinion on the matter, in part, because the Court stated its belief that the fee agreements violated the Bankruptcy Code, the Bankruptcy Rules of Procedure and the Rules of Professional Conduct in the January 13, 2021 Order. When the Court issued its Memorandum-Opinion on October 5, 2021, the Court specifically stated that it did undertake an *en banc* review of the matter

---

[1]*In re Gividen*, Case No. 19-33745, was a Chapter 7 case filed prior to the Baldwin case involving similar bifurcated fee agreements with FSF. The Court indicated that it would hold an *en banc* hearing on the matter. The attorney representing the Debtor in *Gividen*, however, withdrew the fee agreements following the initial hearing on the matter wherein this Court expressed its belief that such arrangements violated the Bankruptcy Code and the Bankruptcy Rules of Procedure.

with the Judges of this District and that they all agreed with the Court's analysis in the Memorandum-Opinion.

Harris argues that an evidentiary hearing should have been held on the propriety of the contracts. However, the Court's reasoning and ruling as set forth in the October 5, 2021 Memorandum-Opinion would not be changed by an evidentiary hearing. The Court's analysis on the propriety of the contracts is based on the United States Bankruptcy Code and the four corners of the FSF contracts and the pre- and post-petition contracts signed by the Debtors herein. The Court's legal conclusions on the ethical propriety of the bifurcated contracts and Harris' fees in these cases is based on the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Rules of Professional Conduct as set forth by the KBA. This is strictly a matter of law and the Court's conclusions are based on the law. An evidentiary hearing will not change these conclusions.

The Court considered the arguments raised by Harris in his Motion to Reconsider and has carefully considered those issues and the arguments of his counsel at the lengthy hearing held on the Motion to Reconsider. The Court rejects these arguments as inconsistent with established law interpreting the Bankruptcy Code regarding attorney's fees in Chapter 7 cases. By considering Harris' Motion to Reconsider, the Court has afforded Harris due process regarding all issues raised in the Motion.

As stated in the original Memorandum-Opinion, it is not this Court's position to find clever "work arounds" of the fee structure determined by Congress. It is this Court's job to enforce the Bankruptcy Code as written. Any changes in that procedure are to be left to the legislature, not this Court.

The procedural history of this case as shown in the docket sheet and set forth in the briefs of the parties to the Motion to Reconsider clearly show that there was no due process violation herein. Harris had actual notice that the fees in this case were at issue at the outset of the case. Harris put those fees at issue when he filed his Disclosure of Compensation in each of the cases. For these reasons, the Court will **DENY** the Motion to Reconsider.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order incorporated herein by reference **DENYING** the Motion to Reconsider.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 11, 2022

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| IN RE: | ) | |
|---|---|---|
| | ) | |
| RICKY BALDWIN and | ) | CASE NOS. 20-10009(1)(7) |
| LORIE JEAN BALDWIN | ) | |
| MELISSA ANN MADDOX | ) | 20-10037(1)(7) |
| JIMMY MICHAEL LAWHORN | ) | 20-10048(1)(7) |
| AARON DEON HADLEY and | ) | 20-10068(1)(7) |
| EMILY BELLE HADLEY | ) | |
| DARRELL WAYNE OLLERY and | ) | 20-10084(1)(7) |
| DONNA KAY OLLERY | ) | |
| SHEILA JOAN CARLTON | ) | 20-10088(1)(7) |
| GREGORY RYAN BALDOCK | ) | 20-10158(1)(7) |
| STEPHEN ALLEN THOMAS | ) | 20-10207(1)(7) |
| ROBERT LLOYD RAY and | ) | 20-10211(1)(7) |
| SHEILA LOIS RAY | ) | |
| MARILYN L. JANES | ) | 20-10225(1)(7) |
| HEATHER RENEE HUTCHINS | ) | 20-30066(1)(7) |
| | ) | |
| Debtor(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion to Reconsider or Set Aside Memorandum Decision and Related Orders and to Allow a Response and a Hearing filed by Harris and Harris, PSC, is hereby **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 11, 2022