UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| RICKY AND LORIE BALDWIN, et al. | ) | Case No. 20-10009 et al |
| (Lead Case re Bifurcated Fee Agreements | ) | Chapter 7 |
| and Related Proceedings) | ) | |
| Debtors[1] | ) | |

**UNITED STATES TRUSTEE'S REQUEST FOR ADMISSIONS TO NICK THOMPSON**
<u>**PURSUANT TO FED. R. BANKR. P. 7036**</u>

**To: Nick Thompson:**

      Pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure and Rule 36 of the Federal Rules of Civil Procedure, Paul A. Randolph, the Acting United States Trustee for Region 8 (the "UST") by undersigned counsel, requests that Nick Thompson "Mr. Thompson" or "you") respond to the requests for admission requested below. The applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and governing case law establish your duties in responding to these requests; any supplemental Instructions and Definitions set forth below do not limit your duties in responding to these discovery requests.

**INSTRUCTIONS**

      1.      The answers should be served upon the United States Trustee c/o Tim Ruppel United States Department of Justice, Office of the United States Trustee, 601 West Broadway Suite 512, Louisville, Kentucky 40202.

      2.      The rules of construction of *11 U.S.C. § 102* are incorporated by reference.

      3.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

      4.      Any defined term used herein shall be regarded as a defined terms for purposes of these requests unless noted.

**DEFINITIONS**

---

[1] The thirteen (13) cases all filed by Mr. Thompson are: In re Bailey 21-31875, In re Baker 21-3956, In re Brown 21-31877, In re Jackson 21-31866, In re Araujo 21-31560, In re Baker 21-31701, In re Beeler 21-31533, In re Torusio 21-30913, In re Edwards 21-31624, In re Connors 21-31686, In re Howard 21-31571, In re Parr 21-30021 and In re Chandler 21-30096.

1. "Mr. Thompson" includes Nick C. Thompson, Nick Thompson, Thompson Law Offices, and/or any current or former affiliates, managers, partners, employees, independent contractors, employees, and/or other representatives.

2. "Client Associated with the FSF program" means any client of Mr. Thompson who has enter into a post-petition fee agreement for the payment of post-petition chapter 7 bankruptcy services and for whom Attorney Thompson has obtained approval from Fresh Start Funding, pursuant to the attached Exhibit A.

3. "And" or "or" as used herein are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

4. "Any" means one or more.

5. "Court" or "the Court" or "this Court" shall mean the United States Bankruptcy Court for the Western District of Kentucky.

6. "Person" has the same meaning as in Section 101(41) of Title 11, United States Code.

7. "Regarding," "relate to," "related to," and/or "relating to" mean to in any way to pertain to, in whole or in part, or otherwise to be in any way connection with, the specified subject.

8. "You" or "Your" means Mr. Thompson.

9. "Thompson Cases" means the following thirteen (13) cases filed in this Court: In re Bailey 21-31875, In re Baker 21-3956, In re Brown 21-31877, In re Jackson 21-31866, In re Araujo 21-31560, In re Baker 21-31701, In re Beeler 21-31533, In re Torusio 21-30913, In re Edwards 21-31624, In re Connors 21-31686, In re Howard 21-31571, In re Parr 21-30021 and In re Chandler 21-30096.

10. Unless a different meaning is specifically indicated, all words shall have the meaning given to them in title 11 of the United States Code.

11. "Motion" or "Motion(s)" means all or any one of (as the case may be) the thirteen (13) Motions For the Examination of the Fees of Debtors Attorney as filed by Paul A Randolph, the Acting United States Trustee for Region 8 on November 4, 2021, in the Thompson cases.

12. "FSF Program" means a program provided by Fresh Start Funding LLC wherein Fresh Start Fundings LLC agrees to advance to an attorney a percentage of an amount to be owed to that attorney for the completion of post-petition bankruptcy services on behalf of a pre-approved client who then pays the amount due for said post-petition fees in full to Fresh Start Funding LLC.

## REQUESTS FOR ADMISSION

The following requests for admission are made pursuant to FED. R. CIV. P. 36 made applicable by FED. R. BANKR. P. 7036. If a matter is neither admitted nor denied, the response must state in detail why Mr. Thompson cannot admit or deny the request.

*Regarding Thompson Cases Generally*

**Request for Admission No. 1:**    Admit that the Court has jurisdiction over this proceeding pursuant to Section 1334(b) of Title 28, United State Code.

**Request for Admission No. 2:**    Admit that the Motions as filed by the United States Trustee constitute core proceedings pursuant to 28 U.S.C. Section 157 (b) (2) (A) and (O).

**Request for Admission No. 3:**    Admit that venue for this proceeding is proper in this Court.

**Request for Admission No. 4:**    Admit that the United States Trustee has standing to bring the Motions pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586(a).

**Request for Admission No. 5:**    Admit that Mr. Thompson is an attorney who is authorized to and does practices law in the Commonwealth of Kentucky as well as before this Court

**Request for Admission No. 6:**    Admit that Fresh Start Funding LLC provides a FSF Program the terms of which are more fully described in the attached **Exhibit A.**

**Request for Admission No. 7:**    Admit that subject to certain preconditions, Attorney Thompson was approved to participate in the FSF program.

**Request for Admission No. 8:**    Admit that  **Exhibit A** is a true, complete, and accurate copy of the terms of an agreement between Attorney Thompson and Fresh Start Funding LLC wherein the FSF Program was provided to Mr. Thompson.

**Request for Admission No. 9:**    Admit that in this Court during the period of January 1, 2021, through September 30, 2021, Mr. Thompson filed fourteen (14) chapter 7 bankruptcy cases on behalf of individual (non-joint) chapter 7 consumer bankruptcy debtors who were not a "client associated with the FSF program" and as listed on the attached **Exhibit B.**

**Request for Admission No. 10:**  Admit that in this Court during the period of January 1, 2021, through September 30, 2021, Mr. Thompson filed eleven (11) individual (non-joint) consumer chapter 7 bankruptcy debtors on behalf of a "client associated with the FSF program" as listed on the attached **Exhibit C.**

**Request for Admission No. 11:**    Admit that in this Court during the period of January 1, 2021, through September 30, 2021, Mr. Thompson filed two (2) chapter 7 bankruptcy cases on behalf of joint (non-individual) consumer chapter 7 bankruptcy debtors who were not a "client associated with the FSF program" as listed on the attached **Exhibit D.**

**Request for Admission No. 12**:  Admit that in this Court, during the period of January 1, 2021, through September 30, 2021, Mr. Thompson filed two (2) chapter 7 bankruptcy cases on behalf of joint (non-individual) consumer chapter 7 bankruptcy debtors who were a "client associated with the FSF program" as listed on the attached **Exhibit E.**

*Regarding Debtor MeOsha Bailey Case 21-31875*

**Request for Admission No. 13:**   Admit that Mr. Thompson, on or before September 8, 2021, offered MeOsha Bailey (hereinafter referred to as the Ms. Bailey) two options for the payment of her bankruptcy attorney fees  to file a chapter 7 bankruptcy, these options being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to  filing her case or to pay nothing prior to the case being filed and for her to pay $2,100 (inclusive of the filing fee ) in installments paid after her petition was filed with this Court.

**Request for Admission No. 14:** Admit that on or before September 8, 2021, Ms. Bailey choose the $2,100 post-filing installment option.

**Request for Admission No. 15:** Admit that on September 8, 2021, Ms. Bailey and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Ms. Bailey with certain pre-filing bankruptcy services and Ms. Bailey agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 16:** Admit that **Exhibit F** is a true accurate and complete copy of the original "Pre-Filing" Agreement between Ms. Bailey and Mr. Thompson.

**Request for Admission No. 17:** Admit that Ms. Bailey signed and affirmed her original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version as filed with this Court on September 9, 2021, DOC 1 (Original Petition) and September 13, 2021, DOC 7 (Remaining Schedules).

**Request for Admission No. 18:** Admit that on September 10, 2021, Ms. Bailey and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Ms. Bailey certain post-filing chapter 7 bankruptcy services and Ms. Bailey agreed to pay Mr. Thompson $2,100 over 26 bi-weekly post-filing installments of $80.77 beginning September 10, 2021, via a pre-authorized automatic withdrawal/payment.

**Request for Admission No. 19:** Admit that **Exhibit FF** is a true accurate and complete copy of the original September 9, 2021, "Post -Filing" Agreement between Ms. Bailey and Mr. Thompson.

**Request for Admission No. 20:** Admit that upon filing of her voluntary chapter 7 petition Ms. Bailey:

a) Maintains a household of two,
b) Receives combined monthly net income totaling $1,868.22 which she did not expect to change over the 12 months post-petition,
c) Receives additional income from her parents in the form of support from her parents in the amount of $500 per month which she did not expect to change over the 12 months post-petition,
d) Maintains household monthly expenses of at least $2,360.77 which she did not expect to change over the 12 months post-petition,
e) paid Mr. Thompson $200 in 2019 which was applied to the September 9, 2021, bankruptcy filing,
f) during the year prior to filing on September 9, 2021, had not had any property garnished or seized.

*Regarding Debtor Taylor Baker Case 21-31956*

**Request for Admission No. 21:** Admit that Mr. Thompson, on or before September 24, 2021, offered Taylor Baker (hereinafter referred to as the Ms. Baker ) two options for the payment of her bankruptcy attorney fees to file a chapter 7 bankruptcy, being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to her filing the case or to pay nothing prior to the case being filed and for her to pay $2,860 (inclusive of the filing fee ) in installments paid after her petition was filed with the Court.

**Request for Admission No. 22:** Admit that on or before September 24, 2021, Ms. Baker chose the $2,860 post-filing installment option.

**Request for Admission No. 23:**  Admit that on September 24, 2021, Ms. Baker and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Ms. Baker with certain pre-filing bankruptcy services and Ms. Baker agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 24:**  Admit that **Exhibit G** is a true accurate and complete copy of the original September 24, 2021, "Pre-Filing" Agreement between Ms. Baker and Mr. Thompson.

**Request for Admission No. 25:**  Admit that Ms. Baker signed and affirmed her original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version and as filed with this Court on September 24, 2021, DOC 1 (Original Petition) and September 28, 2021, DOC 5 (Remaining Schedules).

**Request for Admission No. 26:**  Admit that on September 25, 2021, Ms. Baker and Mr. Thompson signed a Post-Filing Agreement wherein in part Mr. Thompson agreed to provide Ms. Baker certain post-filing chapter 7 bankruptcy services and Ms. Baker agreed to pay Mr. Thompson $2,860 over 12 post-filing monthly installments of $238.33 via the use of a pre-authorized automatic withdrawal/payment.

**Request for Admission No. 27:**  Admit that **Exhibit GG** is a true accurate and complete copy of the original September 25, 2021, "Post -Filing" Agreement between Ms. Baker and Mr. Thompson.

**Request for Admission No. 28:**  Admit that upon filing of her voluntary chapter 7 petition Ms. Baker:

- a) maintains a household of one,
- b) receives monthly net income totaling $2,674.52, which she did not expect to change over the 12 months post-petition,
- c) maintains household monthly expenses of at least $2,670.33, which she did not expect to change over the 12 months post-petition,
- d) during the years prior to filing, had not had any property garnished or seized.

Regarding *Debtor Justin Baker case 21-31701*

**Request for Admission No. 29:**  Admit that on or before August 16, 2021, Mr. Thompson offered Justin Baker (hereinafter referred to as Mr. Baker) two options for the payment of his bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to filing the case or to pay nothing prior to the case being filed and for him to pay $2,860 (inclusive of the filing fee ) in installments paid after his petition was filed with the Court.

**Request for Admission No. 30:**  Admit that on or before August 16, 2021, Mr. Baker chose the $2,860 post-filing installment option.

**Request for Admission No. 31:**  Admit that on August 16, 2021, Mr. Baker (and a co-signor) and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Mr. Baker with certain pre-filing bankruptcy services and Mr. Baker (and a co-signor) agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 32:**  Admit that **Exhibit H** is a true accurate and complete copy of the original August 16, 2021, "Pre-Filing" Agreement between Mr. Baker (and a co-signor) and Mr. Thompson.

**Request for Admission No. 33:**  Admit that Mr. Baker signed and affirmed each of his original bankruptcy documents, each containing the same information and data as indicated in the electronically

signed version and as filed with this Court on August 16, 2021, DOC 1 (Original Petition) and on August 19, 2021, DOC 7 (Remaining Schedules).

**Request for Admission No. 34:** Admit that on August 17, 2021, Mr. Baker (and a co-signor) and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Mr. Baker with the legal services needed to complete his chapter 7 bankruptcy and Mr. Baker (and the Co-Signor) each agreed to pay Mr. Thompson $2,860 in 26 bi-weekly post-petition installments of $110 via an automatic withdrawal/payment.

**Request for Admission No. 35:** Admit that **Exhibit HH** is a true correct, complete, and accurate copy of the original August 17, 2021, "Post-Filing" Agreement between Mr. Baker (along with the Co-Signor) and Mr. Thompson.

**Request for Admission No. 36**: Admit that upon filing of his voluntary chapter 7 petition Mr. Baker:

- a) maintains a household of two, Mr. Baker and a 1-year-old daughter,
- b) was not employed,
- c) estimated that upon his return to employment he would receive gross monthly income of $1,935,
- d) maintains household monthly expenses of at least $1,935 which he did not expect to change during the 12 months post-petition presuming that he continues to receive contributions from a roommate totaling ½ of all of his rent and utilities,
- e) during the year prior to filing, had not had any property garnished or seized.

Regarding *Debtor Stephanie Jackson Case 21-31866*

**Request for Admission No. 37:** Admit that Mr. Thompson, on or before September 8, 2021, offered Stephanie Jackson (hereinafter referred to as the Ms. Jackson) two options for the payment of her bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to her filing the case or to pay nothing prior to the case being filed and for her to pay $2,400 (inclusive of the filing fee ) in installments paid after her petition was filed.

**Request for Admission No. 38:** Admit that on or before September 8, 2021, Ms. Jackson chose the $2,400 post-filing installment option.

**Request for Admission No. 39:** **A**dmit that on September 8, 2021, Ms. Jackson and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Ms. Jackson with certain pre-filing bankruptcy services and Ms. Jackson agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 40:** Admit that **Exhibit I** is a true accurate and complete copy of the original September 8, 2021, "Pre-Filing" Agreement between Ms. Jackson and Mr. Thompson.

**Request for Admission No. 41:** Admit that Ms. Jackson signed and affirmed her original bankruptcy document, each containing the same information and data as indicated in the electronically signed version and as filed with this Court on September 8, 2021, DOC 1 (Original Petition), September 13, 2021, DOC 9 (Remaining Schedules).

**Request for Admission No. 42:** Admit that on September 10, 2021, Ms. Jackson and Mr. Thompson signed a Post-Filing Agreement wherein in part Mr. Thompson agreed to provide Ms. Jackson certain post-filing chapter 7 bankruptcy services and Ms. Jackson agreed to pay Mr. Thompson $2,400 over 26

bi-weekly installments of $92.31 beginning September 10, 2021, via the use of a pre-authorized automatic withdrawal/payment.

**Request for Admission No. 43:**  Admit that **Exhibit II** is a true accurate and complete copy of the original September 10, 2021, "Post -Filing" Agreement between Ms. Jackson and Mr. Thompson.

**Request for Admission No. 44:**  Admit that upon filing of her voluntary chapter 7 petition Ms. Jackson:

- a) maintains a household of one,
- b) receives monthly net income totaling $2,852.51 which she did not expect to change over the 12 months after filing,
- c) maintains household monthly expenses of at least $2,768.31 which she did not expect to change over the 12 months after filing and which includes paying $92.31 per month to Mr. Thompson/FSF,
- d) during the year prior to filing, had not been a party to any lawsuits and had not had any wages or property garnished or seized.

Regarding <u>Debtor Angela Araujo Case 21-31560</u>

**Request for Admission No. 45:**  Admit that Mr. Thompson, on or before  July 23, 2021, offered Angela Araujo (hereinafter referred to as the Ms. Araujo ) two options for the payment of her bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to her filing the case or to pay nothing prior to the case being filed and for her to pay $2,860 (inclusive of the filing fee ) in installments paid after her petition was filed with the Court.

**Request for Admission No. 46:** Admit that on or before July 23, 2021, Ms. Araujo chose the $2,860 post-filing installment option.

**Request for Admission No. 47:**  Admit that on July 23, 2021, Ms. Araujo and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Ms. Araujo with certain pre-filing bankruptcy services and Ms. Araujo agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 48:**  Admit that **Exhibit J** s a true accurate and complete copy of the original July 23, 2021, "Pre-Filing" Agreement between Ms. Araujo and Mr. Thompson.

**Request for Admission No. 49:**  Admit that Ms. Araujo signed and affirmed her original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version and as filed with this Court on July 24, 20121, DOC 1 (Original Petition), July 26, 2021, DOC 4 (Remaining Schedules).

**Request for Admission No. 50:**  Admit that on July 26, 2021, Ms. Araujo and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Ms. Araujo certain post-filing chapter 7 bankruptcy services and Ms. Araujo agreed to pay Mr. Thompson $2,860 over 52 weekly installments of $55 beginning August 23, 2021, via the use of a pre-authorized automatic withdrawal/payment.

**Request for Admission No. 51:**  Admit that **Exhibit JJ** is a true accurate and complete copy of the original July 26, 2021, "Post -Filing" Agreement between Ms. Araujo and Mr. Thompson.

**Request for Admission No. 52:**  Admit that upon filing of her voluntary chapter 7 petition Ms.

Araujo:

    a)       maintains a household of five,
    b)       receives monthly net income totaling $2,292.34 which she did not expect to change in the 12 months post-petition,
    c)       received other monthly income in form of child support in the gross amounts of $333,33 and in the form of food stamps in the gross amount of $192 which she did not expect to change in the 12 months post-petition,
    d)       maintains household monthly expenses of at least $2,784 which she did not expect to change in the 12 months post-petition, and which includes paying $220 per month to Attorney Thompson/FSF,
    e)       during the year prior to filing, had been a party in lawsuits and had her wages garnished in June 2021 in the amount of $905.

*Regarding Debtor Glenn Beeler Case 21-31533*

**Request for Admission No. 53**:  Admit that on or before July 21, 2021, Mr. Thompson offered Glenn Beeler II (hereinafter referred to as Mr. Beeler) two options for the payment of his bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to his filing the case or to pay nothing prior to the case being filed and for him to pay $2,860 (inclusive of the filing fee ) in installments paid after his petition was filed with the Court.

**Request for Admission No. 54:** Admit that on or before July 21, 2021, Mr. Beeker chose the $2,860 post-filing installment option.

**Request for Admission No. 55**:  Admit that on July 21, 2021, Mr. Beeler and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Mr. Beeler with certain pre-filing bankruptcy services and Mr. Beeler agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 56**:  Admit that **Exhibit K** is a true accurate and complete copy of the original July 21, 2021 "Pre-Filing" Agreement between Mr. Beeler and Mr. Thompson. **Request for Admission No. 57**: Admit that Mr. Beeler signed and affirmed his original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version and as filed with this Court on July 21, 2021, DOC 1 (Original Petition), July 22, 2021, DOC 6 (Remaining Schedules).

**Request for Admission No. 58**:  Admit that on July 22, 2021, Mr. Beeler and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Mr. Beeler with the legal services needed to complete his chapter 7 bankruptcy and Mr. Beeler agreed to pay Mr. Thompson $2,860 beginning August 22, 2021, in 52 weekly post-petition installments of $55 via an authorized automatic withdrawal/payment.

**Request for Admission No. 59**:  Admit that **Exhibit KK** is a true correct, complete, and accurate copy of the original July 22, 2021, "Post-Filing" Agreement between Mr. Beeler and Mr. Thompson.

**Request for Admission No. 60**:  Admit that upon filing of his voluntary chapter 7 petition Mr. Beeler:

    a)       maintains a household of five,
    b)       receives monthly net income totaling $3,344.22, which he did not expect to change during the 12 months post-petition,

    c)      maintains household monthly expenses of at least $3,342.33 which he did not expect to change during the 12 months post-petition, and which did not include paying anything for either a mortgage or rent,

    d)      during the year prior to filing, had not had any property garnished or seized.

*Regarding Debtor Samantha Torusio Case 21-30913*

**Request for Admission No. 61:** Admit that Mr. Thompson, on or before April 5, 2021, offered Samantha Torusio (hereinafter referred to as the Ms. Torusio ) two options for the payment of her bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to her filing the case or to pay nothing prior to the case being filed and for her to pay $2,600 (inclusive of the filing fee ) in installments paid after her petition was filed with the Court.

**Request for Admission No. 62:** Admit that on or before April 5, 2021, Ms. Torusio chose the $2,600 post-filing installment option.

**Request for Admission No. 63:** Admit that on April 5, 2021, Ms. Torusio and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Ms. Torusio with certain pre-filing bankruptcy services and Ms. Torusio agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 64:** Admit that **Exhibit L** s a true accurate and complete copy of the original April 5, 2021, "Pre-Filing" Agreement between Ms. Torusio and Mr. Thompson.

**Request for Admission No. 65:** Admit that Ms. Torusio signed and affirmed her original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version as filed with this Court on April 23, 2021,DOC 1 (Original Petition), April 24, 2021, DOC 3 (Remaining Schedules).

**Request for Admission No. 66:** Admit that on April 24, 2021, Ms. Torusio and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Ms. Torusio certain post-filing chapter 7 bankruptcy services and Ms. Torusio agreed to pay Mr. Thompson $2,600 over 52 weekly installments of $50 beginning May 14, 2021, via an automatic withdrawal/payment.

**Request for Admission No. 67:** Admit that **Exhibit LL** is a true accurate and complete copy of the original April 24, 2021, "Post -Filing" Agreement between Ms. Torusio and Mr. Thompson.

**Request for Admission No. 68:** Admit that upon filing of her voluntary chapter 7 petition Ms. Torusio:

    a)    maintains a household of two,
    b)    receives monthly net income totaling $2,130.69 which she did not expect to change during the 12 months post-petition,
    c)    did not receive any other income including the amount of $480 per month as was listed on her Schedule I as filed with the Court on April 24, 2021, DOC 3,
    d)    maintains household monthly expenses of at least $2,638.67 which she did not expect to change during the 12 months post-petition, and which includes paying $216.67 per month to Attorney Thompson/FSF,
    e)    paid Mr. Thompson $338 on April 5, 2021, to be use for the payment of her filing fee.
    f)    during the year prior to filing, had not been a party in any lawsuits and had not had any property garnished or seized.

*Regarding Debtor Joshua Edwards Case 21-31624*

**Request for Admission No. 69:**  Admit that on or before August 2, 2021, Mr. Thompson offered Joshua Edwards (hereinafter referred to as Mr. Edwards) two options for the payment of his bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to his filing the case or to pay nothing prior to the case being filed and for him to pay $2,860 (inclusive of the filing fee ) in installments paid after his petition was filed with the Court.

**Request for Admission No. 70:**  Admit that on or before August 2, 2021, Mr. Edwards chose the $2,860 post-filing installment option.

**Request for Admission No. 71:**  Admit that on August 2, 2021, Mr. Edwards and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Mr. Edwards with certain pre-filing bankruptcy services and Mr. Edwards agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 72:**  Admit that **Exhibit M** is a true accurate and complete copy of the original August 2, 2021, "Pre-Filing" Agreement between Mr. Edwards and Mr. Thompson.

**Request for Admission No. 73:**  Admit that Mr. Edwards signed and affirmed each of his original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version and as filed with this Court on August 3, 2021, DOC 1 (Original Petition) and August 6, 2021, DOC 7 (Remaining Schedules).

**Request for Admission No. 74:**  Admit that on August 4, 2021, Mr. Edwards and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Mr. Edwards certain post-filing chapter 7 bankruptcy services and Mr. Edwards agreed to pay Mr. Thompson $2,860 over 26 bi-weekly installments of $110 beginning August 27, 2021, via an automatic withdrawal/payment.

**Request for Admission No. 75:**  Admit that **Exhibit MM is** a true accurate and complete copy of the original August 4, 2021, "Post -Filing" Agreement between Mr. Edwards and Mr. Thompson.

**Request for Admission No. 76:**  Admit that upon filing of his voluntary chapter 7 petition Mr. Edwards:

- a) maintains a household of four,
- b) receives monthly net income totaling $4,153.94 which he did not expect to change during the 12 months post-petition,
- c) maintains household monthly expenses of at least $4,115.00, which he did not expect to change during the 12 months post-petition, and which does not include paying of any post-petition attorney fees,
- d) during the year prior to filing had not had any property garnished or seized.

*Regarding Debtor Shannon Conners Case 21-31686*

**Request for Admission No. 77:**  Admit that Mr. Thompson, on or before August 12, 2021, offered Shannon Connors (hereinafter referred to as the Ms. Connors) two options for the payment of her bankruptcy attorney fees  to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to her filing the case or to pay nothing prior to the case being filed

and for her to pay $2,860 (inclusive of the filing fee ) in installments paid after her petition was filed with the Court.

**Request for Admission No. 78:**  Admit that on or before August 12, 2021, Ms. Connors chose the $2,860 post-filing installment option.

**Request for Admission No. 79:**  Admit that on August 12, 2021, Ms. Connors and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Ms. Connors with certain pre-filing bankruptcy services and Ms. Connors agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 80:**  Admit that **Exhibit N** is a true accurate and complete copy of the original August 12, 2021, "Pre-Filing" Agreement between Ms. Connors and Mr. Thompson.

**Request for Admission No. 81:**  Admit that Ms. Connors signed and affirmed her original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version and as filed with this Court on August 13, 2021, DOC 1 (Original Petition) and August 16, 2021, DOC 8 (Remaining Schedules).

**Request for Admission No. 82:**  Admit that on August 14, 2021, Ms. Connors and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Ms. Connors certain post-filing chapter 7 bankruptcy services and Ms. Howard agreed to pay Mr. Thompson $2,860 over 26 bi-weekly installments of $110 beginning September 10, 2021, via an automatic withdrawal/payment.

**Request for Admission No. 83:**  Admit that **Exhibit NN** is a true accurate and complete copy of the original August 14, 2021, "Post -Filing" Agreement between Ms. Connors and Mr. Thompson.

**Request for Admission No. 84:**  Admit that upon filing of her voluntary chapter 7 petition Ms. Connors:

- a) maintains a household of three,
- b) receives monthly net income totaling $1,799.65, which includes "family support" of $480 and which she did not expect to change during the 12 months post-petition,
- c) maintains household monthly expenses totaling $3,318.33 which she did not expect to change during the 12 months post-petition, and which includes paying Attorney Thompson/FSF $238.33 per month.

*Regarding Debtor Tabrial Howard Case 21-31571*

**Request for Admission No. 85:**  Admit that that on or before July 27, 2021, Mr. Thompson offered Tabrial Howard (hereinafter referred to as the Ms. Howard) two options for the payment of her bankruptcy attorney fees  to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to her filing the case or to pay nothing prior to the case being filed and for her to pay $2,860 (inclusive of the filing fee ) in installments paid after her petition was filed with the Court.

**Request for Admission No. 86:**  Admit that on or before July 27, 2021, Ms. Howard chose the $2,860 post-filing installment option.

**Request for Admission No. 87:**  Admit that on July 27, 2021, Ms. Howard and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Ms. Howard with certain pre-filing bankruptcy services and Ms. Howard agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 88:**  Admit that **Exhibit O i**s a true accurate and complete copy of the original July 27, 2021, "Pre-Filing" Agreement between Ms. Howard and Mr. Thompson.

**Request for Admission No. 89:**  Admit that Ms. Howard signed and affirmed her original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version and as filed with this Court on July 27, 2021, DOC 1 (Original Petition), July 28, 2021, DOC 9 (Remaining Schedules) and September 15, 2021, DOC 17 (Amended Schedules).

**Request for Admission No. 90:**  Admit that on July 28, 2021, Ms. Howard and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Ms. Howard certain post-filing chapter 7 bankruptcy services and Ms. Howard agreed to pay Mr. Thompson $2,860 over 26 bi-weekly installments of $110 beginning August 27, 2021, via an automatic withdrawal/payment.

**Request for Admission No. 91:**  Admit that **Exhibit OO** is a true accurate and complete copy of the original July 28, 2021, "Post -Filing" Agreement between Ms. Howard and Mr. Thompson.

**Request for Admission No. 92:**  Admit that upon filing of her voluntary chapter 7 petition Ms. Howard:

- a) maintains a household of three,
- b) receives monthly net income totaling $1,815.50, which she did not expect to change in the 12 months post-petition,
- c) maintains household monthly expenses of at least $2,388.33 which she did not expect to change in the 12 months post-petition, and which does not include the payment of any Federal or Kentucky Taxes or withholdings and does include the payment of post-petition attorney fees in the amount of $238.33 per month,
- d) during the year prior to filing, had not had any property garnished or seized.

*Regarding Debtor Courtney Parr Case 21-30021*

**Request for Admission No. 93:**  Admit that on or before January 6, 2021, Mr. Thompson offered Courtney Parr (hereinafter referred to jointly as the Ms. Parr) two options for the payment of her bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,200 in full (plus the $338 filing fee) prior to her filing the case or to pay nothing prior to the case being filed and for her to pay $2,600 (inclusive of the filing fee ) in installments paid after her petition was filed with the Court.

**Request for Admission No. 94:**  Admit that on or before January 6, 2021, Ms. Parr chose the $2,600 post-filing installment option.

**Request for Admission No. 95:**  Admit that on January 6, 2021, Ms. Parr and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Ms. Parr with certain pre-filing bankruptcy services and Ms. Parr agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 96:**  Admit that **Exhibit P** is a true accurate and complete copy of the original January 6, 2021, "Pre-Filing" Agreement between Ms. Parr and Mr. Thompson.

**Request for Admission No. 97:**  Admit that Ms. Parr signed and affirmed her original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version and as filed with this Court on January 6, 2021, DOC 1 (Original Petition) and January 11, 2021, DOC 13 (Remaining Schedules).

**Request for Admission No. 98:**  Admit that on January 8, 2021, Ms. Parr and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Ms. Parr certain post-filing chapter 7 bankruptcy services and Debtors agreed to pay Mr. Thompson $2,600 over 26 bi-weekly installments of $100 beginning February 7, 2021, via an authorized automatic withdrawal/payment.

**Request for Admission No. 99:**  Admit that **Exhibit PP** is a true accurate and complete copy of the original January 8, 2021, "Post -Filing" Agreement between Ms. Parr and Mr. Thompson.

**Request for Admission No. 100:**  Admit that upon filing of her voluntary chapter 7 petition Ms. Parr:

- a)   maintains a household of two,
- b)   receives monthly net income totaling $2,609.51, which she did not expect to change in the 12 months post-petition,
- c)   maintains household monthly expenses of at least $2,608 which she did not expect to change in the 12 months post-petition, and which does not include anything for food, clothing, personal care, or medical expenses but did include paying post-petition attorney fees of $200 per month,
- d)   during the year prior to filing, had not had property garnished or seized.

*Regarding Debtors Ramona Chandler and Colton Jankowski  Case 21-30096*

**Request for Admission No. 101:**  Admit that on or before January 18, 2021, Mr. Thompson offered Ramona Chandler and Colton Jankowski (hereinafter referred to jointly as the Debtors and individually as Mr. Jankowski or Ms. Chandler) two options for the payment of their bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,400 in full (plus the $338 filing fee) prior to his filing the case for them or to pay nothing prior to the case being filed and for them to pay him $2,799.94 (inclusive of the filing fee ) in installments paid after their petition was filed with the Court.

**Request for Admission No. 102**:   Admit that that on or before January 18, 2021, Debtors chose the $2,799.94 post-filing installment option.

**Request for Admission No. 103:**  Admit that on January 18, 2021, Debtors and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Debtors with certain pre-filing bankruptcy services and Debtors agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 104:**  Admit that **Exhibit Q** is a true, accurate and complete copy ofthe original January 18, 2021, "Pre-Filing" Agreement between Debtors and Mr. Thompson.

**Request for Admission No. 105:**  Admit that the Debtors signed and affirmed their original bankruptcy documents each containing the same information and data as indicated in the electronically signed version and as filed with this Court on January 18, 2021, DOC 1 (Original Petition), January 19, 2021, DOC 7 (Remaining Schedules), March 1, 2021, DOC 19 (Amended Schedules I & J) and March 13, 2021, DOC 22 (Amended Schedules I & J).

**Request for Admission No. 106:**  Admit that on January 19, 2021, Debtors and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide Debtors with certain post-filing bankruptcy services and the Debtors agreed to pay Mr. Thompson $2,799.94 to be paid in 26 bi-weekly installments of $107.69 beginning February 7, 2021, via an authorized automatic withdrawal/payment.

**Request for Admission No. 107:** Admit that **Exhibit QQ** is a true accurate and complete copy of the original January 19, 2021, "Post-Filing" Agreement between Debtors and Mr. Thompson.

**Request for Admission No. 108:** Admit that upon filing of their voluntary chapter 7 petition the Debtors:

- a) maintain a household of two,
- b) receive joint monthly net income totaling $4,459.59,
- c) maintains household monthly expenses of at least $5,031.43 which they did not expect to change in the 12 months post-petition, and which includes paying monthly $233.33 in post-petition attorney fees and $200 in student loan obligation,
- d) during the year prior to filing, had not their property garnished or seized,
- e) do not expect Mr. Jankowski to maintain continuous employment for the 12 months post-filing due to health issues.

Regarding Debtors Riley Brown and Kellie Brown Case 21-31877

**Request for Admission No. 109:** Admit that on or before September 9, 2021, Mr. Thompson offered Riley Brown and Kellie Brown (hereinafter referred to jointly as the Browns) two options for the payment of their bankruptcy attorney fees to file a chapter 7 bankruptcy, that being either to pay Mr. Thompson $1,400 in full (plus the $338 filing fee) prior to the filing of their case or to pay nothing prior to their case being filed and to pay $2,860 (inclusive of the filing fee ) in installments paid after theirr petition was filed with the Court.

**Request for Admission No. 110:** Admit that on or before September 9, 2021, the Browns chose the $2,860 post-filing installment option.

**Request for Admission No. 111:** Admit that on September 9, 2021, the Browns and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide the Browns with certain pre-petition filing chapter 7 bankruptcy services and the Browns agreed to pay Mr. Thompson $0.00.

**Request for Admission No. 112:** Admit that **Exhibit R** is a true, accurate and complete copy of the original September 9, 2021, "Pre-Filing" Agreement between the Browns and Mr. Thompson.

**Request for Admission No. 113:** Admit that the Browns signed and affirmed their original bankruptcy documents, each containing the same information and data as indicated in the electronically signed version as filed with this Court on September 9, 2021, DOC 1 (Original Petition) and September 13, 2021, DOC 7 (Remaining Schedules).

**Request for Admission No. 114:** Admit that on September 10, 2021, the Browns and Mr. Thompson signed a Post-Filing Agreement wherein in part Mr. Thompson agreed to provide the Browns certain post-petition filing chapter 7 bankruptcy services and Debtors agreed to pay Mr. Thompson $2,860 over 26 bi-weekly installments of $110 beginning October 4, 2021, via an automatic withdrawal/payment.

**Request for Admission No. 115:** Admit that **Exhibit RR** is a true accurate and complete copy of the original September 10, 2021, "Post -Filing" Agreement between the Debtors and Mr. Thompson.

**Request For Admission No. 116:** Admit that upon filing their voluntary chapter 7 petition the Browns:

- a) maintain a household of two,

b) receive monthly net income totaling $4,376.85, which they did not expect to change in the 12 months post-petition,

c) maintain household monthly expenses of at least $4,277.33, which they did not expect to change during the 12 months post-petition, and which did include paying post-petition attorney fees of $238.33,

d) during the year prior to filing, had not had any of property garnished or seized.

DATED this 4th April 2022

    Respectfully Submitted,

    Paul A. Randolph
    Acting United States Trustee
    Region 8

    *By: /s/Timothy E. Ruppel*
    Timothy E. Ruppel
    Attorney for United States Trustee
    United States Department of Justice
    Office of the United States Trustee

Timothy E. Ruppel
Trial Attorney and Assistant United States Trustee
United States Department of Justice
Office of the United States Trustee
601 West Broadway Suite 512
Louisville Ky 40202
(502) 671-5600 (222) direct
tim.ruppel@usdoj.gov