## UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF KENTUCKY

In re                                          )
RICKY AND LORIE BALDWIN, et al.                )          **Case No. 20-10009 et al**
(Lead Case re Bifurcated Fee Agreements        )          **Chapter 7**
and Related Proceedings                        )
        Debtor(s)[1]                           )

### UNITED STATES TRUSTEE'S AND ATTORNEY NICK C. THOMPSON'S JOINT PRETRIAL STATEMENT

Paul A. Randolph the United States Trustee for Region - 08 (hereinafter the "UST") and

Nick C. Thompson (Counsel for each Debtor and hereinafter referred to as Attorney Thompson,

Mr. Thompson or Thompson) by and through each undersigned counsel, file this Joint Pre-Trial

Statement.  In support of this Joint Pre-Trail Statement of the UST and Thompson respectfully

state as follows:

### BACKGROUND

1)      The UST filed on November 4, 2021, his Motion to Examine the Reasonableness

of Fees Under 11 U.S.C. § § 329 and 105 and Federal Rules of Bankruptcy Procedure Rules 2016

and 2017 in each of the following thirteen chapter 7 bankruptcy case: *In re Bailey 21-31875 (DOC*

*015), In re Taylor Baker 21-31956 (DOC 015), In re Brown 21-31877 (DOC 016), In re Jackson*

*21-31866 (DOC 016), In re Araujo 21-31560 (DOC 019), In re Justin Baker 21-31701 (DOC 015),*

*In re Beeler 21-31533 (DOC 023), In re Torusio 21-30913 (DOC 023), In re Edwards 21-31624*

*(DOC 024), In re Connors 21-31686 (DOC 025), In re Howard 21-31571 (DOC 028), In re Parr*

*21-30021 (DOC 031)* and *In re Chandler and Jankowski 21-30096 (DOC 033) (*hereinafter jointly

---

[1] The thirteen (13) cases are: In re MeOsha Bailey 21-31875, In re Taylor Baker 21-31956, In re Brown 21-31877, In re Jackson 21-31866, In re Araujo 21-31560, In re Baker 21-31701, In re Beeler 21-31533, In re Torusio 21-30913, In re Edwards 21-31624, In re Connors 21-31686, In re Howard 21-31571, In re Parr 21-30021 and In re Chandler 21-30096.

referred to as either Motion or Motions.  The debtors in the foregoing cases are hereinafter referred to as either Mr. Thompson's "Client" or "Clients", the "Debtors" or a "Debtor").

2)    This Court on November 5, 2021, entered an Order consolidating each of the above cases as to future proceedings regarding bifurcated fee agreements and third-party financing of said agreements stating that all future matters shall be filed in the Bankruptcy Case *Ricky and Lorie Jean Baldwin WDKY Bankruptcy Case 20-10009* which was designated as the "lead" case for those purposes.

3)    Attorney Thompson filed his Objection to the Motions on December 3, 2021, (DOC 63 ).

4)    On February 24, 2022, the Court set certain deadlines in an Order (DOC 83) which scheduled the filing of a Joint Pre-Trial Statement on or before July 21, 2022, which has now been continued by agreement to July 25, 2022  to address uncontested facts, contested facts, contested legal issues and a brief summary of what the evidence will tend to prove.

**<u>Statement of Uncontested Facts:</u>**

5)    Thompson is an attorney who is authorized to and does practices law in the Commonwealth of Kentucky and before this Court in the Western District of Kentucky.

6)    On May 19, 2020, Thompson entered into a Line of Credit and an Accounts Receivable Management Agreement with Fresh Start Funding Inc (FSF) wherein FSF extended to Thompson a line of credit which could be used to allow Thompson to receive 65%[2] of an amount due Thompson from a pre-approved chapter 7 bankruptcy client with arrangement made for the client to make an agreed upon post-petition installment payments on said line of credit (FSF Program).  The general purpose of the FSF Program is to facilitate the timely receipt by Thompson

---

[2] Of the 35% Thompson did not initially receive of which  10% was retained by Fresh Start to be used and credited to a holdback account in the name of Thompson.

of a percentage of his chapter 7 fees and to allow certain of Thompson's chapter 7 bankruptcy clients an option of paying for their chapter 7 bankruptcy post-petition. The FSF contract required Thomson to represent his clients on terms that included the Supplemental Post-Filing Services described in the FSF contract, which Supplemental Post-Filing Services are not included in Mr. Thompson's FSF Pay Before You File"  Chapter 7 engagement.

7)    The Debtors did not enter into an agreement with Fresh Start for legal services, and did not enter into any loan or financing agreement directly with Fresh Start.  Although the Debtors did enter into an agreement to deduct payments from their financial institutions, such payments were amounts owed to Mr. Thompson, and were delivered to Mr. Thompson in care of Fresh Start.

8)    The Pre-Filing Agreement between Mr. Thompson and the Debtors lists four categories of services: i) Pre-Filing Services; ii) Post-Filing Services; iii) Supplemental Post-Filing Services; and, iv) Excluded Services.

9)    The Pre-Filing Agreement between Mr. Thompson and the Debtors provides that if the client chooses the "Pay Before You File" option, Mr. Thompson will provide only the Pre-Filing Services and the Post-Filing Services.

10)    The Pre-Filing Agreement between Mr. Thompson and the Debtors provides that under the "Pay Before You File" option, any necessary Supplemental Post-Filing Services will be provided at an additional cost of $250 per hour.

11)    The Pre-Filing Agreement between Mr. Thompson and the Debtors provides that if the client chooses the "File Now Pay Later" option (i.e. a bifurcated arrangement), Mr. Thompson will provide only the Pre-Filing Services pursuant to the Pre-Filing Agreement.

12)    The Pre-Filing Agreement between Mr. Thompson and the Debtors provides that if the client chooses the "File Now Pay Later" option, the client has the choice to: i) represent

themselves pro se after the petition is filed; ii) hire another attorney for post-petition representation; or, iii) enter into a Post-Filing Agreement with Mr. Thompson within ten days after the petition is filed.

13)    The Pre-Filing Agreement between Mr. Thompson and the Debtors provides that if the client does not choose to enter into a Post-Filing Agreement, "you will not owe us anything additional" to any amounts paid prepetition.

14)    By operation of the foregoing contractual term, Mr. Thompson's clients only agreed to reimburse him for the filing fee paid by Mr. Thompson, if and when they entered into a Post-Filing Agreement.

15)    The Pre-Filing Agreement between Mr. Thompson and the Debtors provides that if the client does not choose to enter into a Post-Filing Agreement, "we will ask the bankruptcy court to allow us to withdraw as your lawyer in accordance with the bankruptcy rules, but we will continue to represent you in the case and perform all necessary services until and unless the bankruptcy court allows us to withdraw."

16)    The Pre-Filing Agreement between Mr. Thompson and the Debtors provides that if the client chooses the "File Now Pay Later" option and enters into a Post-Filing Agreement, Mr. Thompson "will provide you with the Post-Filing Services AND the Supplemental Post-Filing Services . . . ." for the flat fee quoted for a bifurcated case.

17)    The Pre-Filing Agreement between Mr. Thompson and the Debtors provides that "This File Now Pay Later option is more expensive to you, but will include more legal services and allow you to pay some or all of our attorney fee (and, if applicable, your filing fee) in installments over twelve (12) months after we file your case."

18)    The Pre-Filing Agreement between Mr. Thompson and the Debtors expressly states under the heading "Higher Attorney Fee" that "the File Now Pay Later option requires you to pay a higher attorney fee.  There are a number of reasons for this: (a) The Law Firm performs additional work to split your engagement; (b) The Law Firm takes on risk by allowing you to pay your attorney fee over time instead of collecting the entire fee up front; (c) The File Now Pay Later option provides you with the benefit of a quicker filing than you might obtain if you had to come up with the money to pay in advance; (d) The File Now Pay Later option gives you an opportunity to begin rebuilding your credit score when you make timely payments toward your attorney fee; (e) With the File Now Pay Later option, if you require the Supplemental Post-Filing Services the Law Firm will not charge you additional fees; and, (f) FSF charges a fee for its financing, payment management, credit reporting and other service to the Law Firm, and that fee is equal to 25% of the fees that the Law Firm charges you under the Post-Filing Agreement. "

19)    Between January 1, 2021, and September 30, 2021, prior to the issuance of the *Baldwin* decision the clients and debtors in the above 13 (thirteen) cases retained Thompson to represent them (individually or jointly) in their Chapter 7 bankruptcy in the Western District of Kentucky and elected to participate in the FSF Program.

20)    At the time Thompson filed the cases at issue, there was no definitive court decision, statute, or rule applicable in the Western District prohibiting bifurcated engagement arrangements such as that utilized by Mr. Thompson.

21)    Between January 1,2021, and September 30, 2021 Thompson filed fourteen (14) consumer chapter 7 bankruptcy cases on behalf of individual (non-joint) clients who did not participate in the FSF Program and two (2) consumer chapter 7 cases on behalf of joint debtor clients who did not participate in the FSF Program.  In each of these cases Thompson disclosed

that he represented said debtors and charged an average of $1,236 to in the individual (non-joint) clients and $1,400 in the joint debtor clients, excluding the filing fee.

### Me'Osha Bailey

22) Thompson, offered Me'Osha Bailey (Bailey) two options for the payment of Thompson's fees to represent her in filing a chapter 7 bankruptcy. These options were Option 1 to pay Thompson $1,200 in full (plus the $338 filing fee) prior to filing her case or, Option 2, to pay Thompson nothing prior to the case being filed and for her to pay $2,100 (inclusive of the filing fee ) in installments paid after her petition was filed with this Court.

23) After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, Bailey chose Option 2.

24) Prior to September 8, 2021, Bailey provided to Thompson her intake questionnaire and pay advices.

25) On September 8, 2021, Bailey and Mr. Thompson signed a Pre-Filing Agreement wherein Mr. Thompson agreed in part, to provide Bailey certain pre-filing chapter 7 bankruptcy services and Bailey agreed to pay Mr. Thompson $0.00.

26) On September 9, 2021, Bailey signed and affirmed her original (skeletal) bankruptcy documents, containing the information, data and representations therein, as indicated and represented in the electronically signed version as Thompson filed with this Court on September 9, 2021, DOC 1 (Petition Bankruptcy Case WDKY 21-31875).

27) On September 10, 2021, Bailey and Thompson signed a Post- Filing Agreement wherein Mr. Thompson agreed, in part, to provide Bailey both the Post-filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Bailey agreed to

pay Mr. Thompson $2,100 over 26 bi-weekly post-filing installments of $80.77 beginning September 10, 2021, via a pre-authorized automatic withdrawal/payment.

28)    On September 10, 2021, Bailey signed and affirmed her remaining bankruptcy documents, containing the information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on September 13, 2021, (DOC 7 Remaining Schedules) which included the representation that Bailey had not been a party to a lawsuit nor had her property been garnished in the year prior to filing (SOFA Q 9/10) that she continued to receive $500 per month from her parents to help her (Schedule I/J)  and that she had paid $200 which would be applied to "this case."  (SOFA Q16).

29)    On September 13, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Bailey and Thompson entered into two agreements, wherein Bailey agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,100 .

30)    Bailey's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation

31)    As of July 11, 2022, Bailey owes $1,313.69 on her Chapter 7 fees .

### Shannon Connors

32)    Thompson offered Shannon Connors (Connors) two options for the payment to Thompson for his representation of her in filing a chapter 7 bankruptcy.  These options were Option 1 to pay Thompson $1,200 in full (plus the $338 filing fee) prior to filing her case or,

7

Option 2, to pay Thompson nothing prior to the case being filed and for her to pay $2,860 (inclusive of the filing fee ) in installments paid after her petition was filed with this Court.

33)    After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, Connors chose Option 2.

34)    On or before August 12, 2021, Connors provided to Thompson her intake questionnaire.

35)    On August 12, 2021, Connors and Thompson signed a Pre-Filing Agreement wherein Mr. Thompson agreed to provide Connors certain pre-filing chapter 7 bankruptcy services and  Connors agreed to pay Thompson $0.00.

36)    Connors signed and affirmed her original bankruptcy documents, on August 13, 2021, containing the information, data and representations therein as indicated in the electronically signed version as Thompson filed with this Court on August 13, 2021, DOC 1 (Petition Bankruptcy Case WDKY 21-31686).

37)    On August 14, 2021, at 2:06 pm, Connors and Thompson signed a Post- Filing Agreement wherein, in part, Thompson agreed to provide Connors both the Post-filing services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Connors agreed to pay Thompson $2,860 over 26 bi-weekly post-filing installments of $110 beginning September 10, 2021,  via a pre-authorized automatic withdrawal/payment.

38)    On August 14, 2021, Connors signed and affirmed her remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on August 16, 2021, (DOC 8 - Remaining Schedules) including the representation that Connors post-petition would have a net

monthly income deficit of approximately $1280 without paying anything toward any attorney fees (Schedule I/J).

39)    On August 16, 2021, Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. Section 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Connors and Thompson entered into two agreements, wherein Connors agreed pre-petition to pay Thompson $0.00 and agreed post-petition to pay Thompson $2,860.

40)    Connor's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

41)    As of July 11, 2022, Connors owed $1,455.00 on Chapter 7 fees .

### Taylor Baker

42)    Thompson offered Taylor Baker (Ms. Baker) two options for the payment of Thompson for his representation of her in filing a chapter 7 bankruptcy.  These options were either Option 1 to pay Thompson $1,200 in full (plus the $338 filing fee) prior to filing her case or, Option 2, to pay Thompson nothing prior to the case being filed and for her to pay $2,860 (inclusive of the filing fee) in installments paid after her petition was filed with this Court.

43)    After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, and Ms. Baker chose Option 2.

44)    On or before September 24, 2021, Ms. Baker provided to Attorney Thompson her intake questionnaire and pay stubs.

45)    On September 24, 2021, Ms. Baker and Thompson signed a Pre-Petition Agreement wherein in part, Thompson agreed to provide Ms. Baker certain pre-filing chapter 7 bankruptcy services and Ms. Baker agreed to pay Thompson $0.00.

46)    Ms. Baker signed and affirmed her original bankruptcy documents, on September 24, 2021, containing the information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on September 24, 2021, (DOC 1 Petition Bankruptcy Case WDKY 21-31956).

47)    On September 25, 2021, at 10:22 AM, Ms. Baker and Thompson signed a Post-Filing Agreement wherein Thompson agreed, in part, to provide Ms. Baker both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Ms. Baker agreed to pay Thompson $2,860 over 12 monthly post-filing installments of $238.33, via a pre-authorized automatic withdrawal/payment.

48)    On September 24, 2021, Ms. Baker signed and affirmed her remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on September 28, 2021, (DOC 5-Remaining Schedules) including but not limited to representations/statements regarding  not having been a party to a lawsuit nor having property garnished in the year prior to filing (SOFA Q 9 and 10)

49)    On September 25, 2021, Thompson signed, and filed on September 27, 2021 with this Court, a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Ms. Baker and Thompson entered into two agreements, wherein Ms. Baker agreed pre-petition to pay Thompson $0.00 and agreed post-petition to pay Thompson $2,860.

50)   Ms. Baker's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

51)   As of July 11, 2022, Ms. Baker owes $953.32 on her chapter 7 fees.

### Stephanie Jackson

52)   Thompson offered Stephanie Jackson (Jackson) two options for the payment of Thompson's fees for representation in the filing of a chapter 7 bankruptcy. These options were Option 1 to pay Thompson $1,200 in full (plus the $338 filing fee) prior to filing her case or, Option 2, to pay Thompson nothing prior to the case being filed and for her to pay $2,400 (inclusive of the filing fee ) in installments paid after her petition was filed with this Court.

53)   After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, Jackson chose Option 2.

54)   On or before September 8, 2021, Jackson provided to Attorney Thompson her intake questionnaire and pay advices.

55)   On September 8, 2021, Jackson and Thompson signed a Pre-Filing Agreement wherein, in part, Thompson agreed to provide Jackson certain pre-filing chapter 7 bankruptcy services and Jackson  agreed to pay Mr. Thompson $0.00.

56)   Jackson signed and affirmed her original bankruptcy documents, on September 8, 2021, containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on September 8, 2021, (DOC 1 Petition Bankruptcy Case WDKY 21-31866).

57)    On September 10, 2021, at 5:04 pm.  Jackson and Mr. Thompson signed a Post-Filing Agreement wherein Mr. Thompson agreed, in part, to provide Jackson both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Jackson agreed to pay Mr. Thompson $2,400 over 26 bi-weekly post-filing installments of $92.31 beginning September 10, 2021, via a pre-authorized automatic withdrawal/payment.

58)    On September 10, 2021,  Jackson signed and affirmed her remaining bankruptcy documents, each containing the same information, data and representations, as indicated in the electronically signed version as Thompson filed with this Court on  September 13, 2021 (DOC 9 Remaining Schedules) including but not limited to representations/statements regarding   not having been a party to a lawsuit nor having property garnished in the year prior to filing (SOFA Q 9 and 10).

59)    On September 13, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Jackson and Attorney Thompson entered into two agreements, wherein Jackson agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,400 .

60)    Jackson's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need for the Debtor to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

61)    As of  July 11, 2022, Jackson owes $369.18 on her Chapter 7 fees.

## Joshua Edwards

62)     Thompson, offered Joshua Edwards (Edwards)  two options for the payment of Thompson's fees to represent him in filing a chapter 7 bankruptcy.  These options were Option 1 to pay Attorney Thompson $1,200 in full (plus the $338 filing fee) prior to filing his case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and for him to pay $2,860 (inclusive of the filing fee ) in installments paid after his petition was filed with this Court.

63)     After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that he should choose Option 1 if he could, Edwards  chose Option 2.

64)     On or before August 2, 2021, Edwards provided to Attorney Thompson his intake questionnaire and pay advices.

65)     On August 2, 2021, Edwards and Mr. Thompson signed a Pre-Filing Agreement wherein Mr. Thompson agreed, in part, to provide Edwards certain pre-filing chapter 7 bankruptcy services and Edwards agreed to pay Mr. Thompson $0.00.

66)     Edwards signed and affirmed his original bankruptcy documents, on August 3, 2021, containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on August 3, 2021 (DOC 1 Petition Bankruptcy Case WDKY 21-31624).

67)     On August 4, 2021, at 7:26 pm Edwards and Thompson signed a Post- Filing Agreement wherein Mr. Thompson agreed, in part, to provide Edwards both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Edwards agreed to pay Thompson $2,860 over 26 bi-weekly post-filing installments of $110 beginning August 27, 2021,  via a pre-authorized automatic withdrawal/payment.

68)    On August 4, 2021, Edwards signed and affirmed his remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on August 6, 2021, (DOC 7 Remaining Schedules) including among other things representations/statements regarding not having property garnished in the year prior to filing (SOFA Q 10).

69)    On August 6, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Edwards and Attorney Thompson entered into two agreements, wherein Edwards agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,860 .

70)    Edward's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

71)    As of July 11, 2022, Edwards owes $330.00 on his Chapter 7 fees.

**Tabrial Howard**

72)    Thompson, offered Tabrial Howard (Howard) two options for the payment of Thompson's fees to represent her in filing a chapter 7 bankruptcy.  These options were Option 1 to pay Attorney Thompson $1,200 in full (plus the $338 filing fee) prior to  filing her case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and for her to pay $2,860 (inclusive of the filing fee ) in installments paid after her petition was filed with this Court.

73)    After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, Howard chose Option 2.

14

74)    On or before July 27, 2021, Howard provided to Attorney Thompson her intake questionnaire.

75)    On July 27, 2021, Howard and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Howard certain pre-filing chapter 7 bankruptcy services and Howard agreed to pay Mr. Thompson $0.00.

76)    Howard signed and affirmed her original bankruptcy documents, on July 27, 2021, containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on  July 27, 2021 (DOC 1 Petition Bankruptcy Case WDKY 21-31571).

77)    On July 28, 2021, Howard and Mr. Thompson signed a Post- Filing Agreement wherein, in part, Thompson agreed to provide Howard both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Howard agreed to pay Thompson $2,860 over 26 bi-weekly post-filing installments of $110 beginning August 27, 2021, via a pre-authorized automatic withdrawal/payment.

78)    On July 28, 2021, Howard signed and affirmed her remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as filed with this Court on July 28, 2021 (DOC 9 Remaining Schedules) including among other things representations/statements regarding not having property garnished in the year prior to filing (SOF Q 10) .

79)    On July 29, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Howard and Attorney Thompson

entered into two agreements, wherein Howard agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,860 .

80)    On September 15, 2021, Howard signed and affirmed certain Amended Schedules, each containing the same information, data and representations as indicated in the electronically signed version as filed by Thompson with this Court on September 15, 2021 (DOC 17 Amended Schedules). including but not limited to representations about the Howard having a monthly net income deficit post-filing of approximately $570 after considering Howards reasonable expenses (Amended Schedules I/J).

81)    Howard's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

82)    As of July 11, 2022, Howard owed $2,750.00 on her Chapter 7 fees.

### Samantha Torusio

83)    On or before April 5, 2021, Attorney Thompson, offered Samantha Torusio (hereinafter Torusio ) two options for paying Thompson his fee for his representation of her in filing a chapter 7 bankruptcy.  These options were Option 1 to pay Attorney Thompson $1,200 in full (plus the $338 filing fee) prior to  filing her case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and for her to pay $2,600 (inclusive of the filing fee ) in installments paid after her petition was filed with this Court.

84)    After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, Torusio chose Option 2.

85)    On or April 5, 2021, Torusio provided to Attorney Thompson her intake questionnaire, her pay advices and paid Thompson $338 to be used to pay her filing fee.

86)    On April 5, 2021, Torusio and Mr. Thompson signed a Pre-Filing Agreement wherein in part, Thompson agreed to provide Torusio certain pre-filing chapter 7 bankruptcy services and  Torusio agreed to pay Mr. Thompson $0.00.

87)    Torusio  signed and affirmed her original bankruptcy documents, on April 23, 2021, containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on April 23, 2021 (DOC 1 Original Petition 21-30913).

88)    On April 24, 2021, Torusio and Mr. Thompson signed a Post- Filing Agreement wherein, in part, Thompson agreed to provide Torusio both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Torusio agreed to pay Mr. Thompson $2,600 over 52 weekly post-filing installments of $50 beginning May 14, 2021, via a pre-authorized automatic withdrawal/payment.

89)    On April 24, 2021, Torusio signed and affirmed her remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on April 24, 2021 (DOC 3 Remaining Schedules). including among other things representations/statements regarding not being a party to a lawsuit or having property garnished in the year prior to filing (SOFA Q 9 and 10).

90)    On April 24, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Torusio and Attorney Thompson entered into two agreements, wherein Torusio had not paid anything to Thompson, that Torusio

agreed pre-petition to pay Attorney Thompson $0.00 and Torusio had agreed post-petition to pay Thompson $2,600 which  including the filing fee and did not include the $380 paid by Torusio pre-petition on April 5, 2021.

91)    Torusio' s case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

92)    As of July 11, 2022, Torusio owes $600.00 on her Chapter 7 fees.

### Courtney Parr

93)    On or before January 6, 2021, Attorney Thompson, offered Courtney Parr (hereinafter Parr) two options for the payment of Thompson's fees for his representation of her in filing a chapter 7 bankruptcy.  These options were Option 1 to pay Attorney Thompson $1,200 in full (plus the $338 filing fee) prior to  filing her case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and for her to pay $2,600 (inclusive of the filing fee ) in installments paid after her petition was filed with this Court.

94)    After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, Parr chose Option 2.

95)    On or before January 6, 2021, Parr provided to Attorney Thompson her intake questionnaire, bank statements and pay advices.

96)    On January 6, 2021, Parr and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Parr certain pre-filing chapter 7 bankruptcy services and  Parr agreed to pay Mr. Thompson $0.00.

97)    Parr signed and affirmed her original bankruptcy documents on January 6, 2021, containing the same information, data and representations as indicated in the electronically signed version and as filed by Thompson with this Court on January 6, 2021,(DOC 1 Original Petition 21-30021).

98)    On January 8, 2021, Parr and Mr. Thompson signed a Post- Filing Agreement wherein, in part, Mr. Thompson agreed to provide Parr both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Parr agreed to pay Mr. Thompson $2,600 over 26 bi-weekly post-filing installments of $100 via a pre-authorized automatic withdrawal/payment, beginning February 7, 2021.

99)    On January 10, 2021, Parr signed and affirmed her remaining bankruptcy documents, containing the same information, data and representations as indicated in the electronically signed version as filed by Thompson with this Court on January 11, 2021 (DOC 13 Remaining Schedules). including among other things representations/statements regarding not having property garnished in the year prior to filing (SOFA Q 10).

100)   On January 12, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Parr and Attorney Thompson entered into two agreements, wherein Parr agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,600 including the filing fee .

101)   Parr's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

102)  As of July 11, 2022, Parr owes $0.00 on her Chapter 7 fees.

## Justin Baker

103)  On or before August 16, 2021, Attorney Thompson, offered Justin Baker (Mr. Baker) two options for the payment of Thompson's fees to represent him in filing a chapter 7 bankruptcy.  These options were Option 1 to pay Attorney Thompson $1,200 in full (plus the $338 filing fee) prior to  filing of his case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and to pay Attorney Thompson $2,860 (inclusive of the filing fee ) in installments paid after the petition was filed with the Court.

104)  After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that he should choose Option 1 if he could, Mr. Baker chose Option 2.

105)  On August 16, 2021, Mr. Baker (and a co-signor) and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Thompson agreed to provide Mr. Baker  certain pre-filing chapter 7 bankruptcy services and  Mr. Baker (and the co-signor) agreed to pay Mr. Thompson $0.00.

106)  Mr. Baker signed and affirmed his original bankruptcy documents, on August 16, 2021, containing the same information, data and representations as indicated in the electronically signed version as filed with this Court by Thompson on August 16, 2021, DOC 1 (Original Petition 21-31701).

107)  On August 17, 2021, Mr. Baker (and a co-signor) and Mr. Thompson signed a Post-Filing Agreement wherein, in part, Thompson agreed to provide Mr. Baker both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Mr. Baker (and a co-signor) agreed to pay Mr. Thompson $2,860 over 26 bi-weekly post-filing

installments of $110 via a pre-authorized automatic withdrawal/payment from the cosigner's financial account.

108)  On August 18, 2021, Mr. Baker signed and affirmed his remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as filed  by Thompson with this Court on August 19, 2021 (DOC 7 Remaining Schedules) including among other things representations/statements regarding not having been a party to a lawsuit or not having property garnished in the year prior to filing (SOFA Q 9 and 10) and that Mr. Baker was unemployed when he filed for bankruptcy protection (Schedule I/J).

109)  On August 20, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Mr. Baker and Attorney Thompson entered into two agreements, wherein Mr. Baker agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,860 including the filing fee  and that the source of the compensation to be paid to Thompson was Mr. Baker.

110)  Mr. Baker's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

111)  As of July 11, 2022, Baker owes $2500 on his Chapter 7 fees.

### Glenn Beeler

112)  On or before July 21, 2021, Attorney Thompson, offered Glenn Beeler (Beeler) two options for the payment of Thompson's fee to represent Beeler in filing a chapter 7 bankruptcy.

These options were Option 1 to pay Attorney Thompson $1,200 in full (plus the $338 filing fee) prior to filing of his case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and for him to pay Attorney Thompson $2,860 (inclusive of the filing fee ) in installments paid after his petition was filed with the Court.

113)  After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, Beeler chose Option 2.

114)  On July 21, 2021, Beeler provided to Attorney Thompson his intake questionnaire and pay advices.

115)  On July 21, 2021, Beeler and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Beeler certain pre-filing chapter 7 bankruptcy services and Beeler agreed to pay Mr. Thompson $0.00.

116)  Beeler signed and affirmed his original bankruptcy documents, on July 21, 2021, containing the same information, data and representations as indicated in the electronically signed version as filed Thompson filed with this Court on July 21, 2021 (DOC 1 Original Petition 21-31533).

117)  On July 22, 2021, at 1:30 pm, Beeler and Mr. Thompson signed a Post- Filing Agreement wherein, in part, Thompson agreed to provide Beeler both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Beeler agreed to pay Mr. Thompson $2,860 over 52 weekly post-filing installments of $55 via a pre-authorized automatic withdrawal/payment, beginning August 22, 2021.

118)  On July 22, 2021, Beeler signed and affirmed his remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on July 22, 2021 (DOC 6 Remaining Schedules).

including among other things representations/statements regarding not being a party to a lawsuit not having property garnished in the year prior to filing (SOFA Q 9 and 10). .

119)  On July 23, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Beeler and Attorney Thompson entered into two agreements, wherein Beeler agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,860 including the filing fee,  and that the source of the compensation to be paid to Attorney Thompson was Beeler.

120)  On July 24, 2021, Beeler signed and affirmed certain Amended Schedules, containing the same information and data and representations as in the electronically signed version as Thompson filed with this Court on July 24, 2021 DOC 9 (Amended Schedules).

121)   Beeler's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and, did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

122)   As of July 11, 2022, Beeler owes $1,195.00 on his Chapter 7 fees.

### Angela Araujo

123)   On or before July 23, 2021, Attorney Thompson, offered Angela Araujo (Araujo) two options for the payment of Thompson's fees for his representation of her in filing a chapter 7 bankruptcy.  These options were Option 1 to pay Attorney Thompson $1,200 in full (plus the $338 filing fee) prior to  filing her case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and for her to pay $2,860 (inclusive of the filing fee ) in installments paid after her petition was filed with this Court.

124)   After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that she should choose Option 1 if she could, Araujo chose Option 2.

125)   On or July 23, 2021, Araujo provided to Attorney Thompson her pay advices.

126)   On July 23, 2021, Araujo and Mr. Thompson signed a Pre-Filing Agreement wherein, in part, Mr. Thompson agreed to provide Araujo certain pre-filing chapter 7 bankruptcy services and  Araujo agreed to pay Mr. Thompson $0.00.

127)   Araujo signed and affirmed her original bankruptcy documents, on July 24, 2021, containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on July 24, 2021, (DOC 1 Original Petition 21-21560).

128)   On July 26, 2021, at approximately 6:00 pm,  Araujo and Mr. Thompson signed a Post- Filing Agreement wherein, in part, Mr. Thompson agreed to provide Araujo both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and Araujo agreed to pay Mr. Thompson $2,860 over 52 weekly post-filing installments of $55 via a pre-authorized automatic withdrawal/payment beginning August 23, 2021.

129)   On July 26, 2021, Araujo signed and affirmed her remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on  July 26, 2021, at approximately 6:27 pm (DOC 4  Remaining Schedules).

130)   On July 27, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid,  pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that Araujo and Attorney Thompson entered into two agreements, wherein Araujo agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,860 including the filing fee .

131)   Araujo's case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

132)   As of July 11, 2022, Araujo owes $2,075.00 on her Chapter 7 fees.

### Riley and Kellie Brown

133)   On or before September 9, 2021, Attorney Thompson, offered  Riley and Kellie Brown (Browns) two options for the payment of Thompson's fees to represent then filing a chapter 7 bankruptcy.  These options were Option 1 to pay Attorney Thompson $1,400 in full (plus the $338 filing fee) prior to filing their case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and to pay $2,860.00 (inclusive of the filing fee ) in installments paid after their petition was filed with this Court.

134)   After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that they should choose Option 1 if they could, the Browns chose Option 2.

135)   On or September 9, 2021, the Browns provided to Attorney Thompson their pay advices.

136)   On September 9, 2021, the Browns and Mr. Thompson signed a Pre-Filing Agreement wherein Mr. Thompson agreed to provide the Browns certain pre-filing chapter 7 bankruptcy services and the Browns agreed to pay Mr. Thompson $0.00.

137) The Browns signed and affirmed their original bankruptcy documents, on September 9, 2021, containing the same information, data and representations as indicated in the electronically signed version as filed with this Court on September 9, 2021. DOC  1 (Original Petition 21-31877).

138) On September 10, 2021, the Browns and Mr. Thompson signed a Post- Filing Agreement wherein in part Mr. Thompson agreed to provide the Browns both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement, and the Browns agreed to pay Mr. Thompson $2,860 over 26 bi-weekly post-filing installments of $110 beginning October 4, 2021, via a pre-authorized automatic withdrawal/payment.

139) On September 10, 2021, the Browns signed and affirmed their remaining bankruptcy documents, each containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on September 13, 2021 DOC 7 (Remaining Schedules). including among other things representations/statements regarding not having property garnished in the year prior to filing(SOFA Q 10).

140) On September 10 ,2021, Attorney Thompson signed and filed with this Court on September 13, 2021, a Statement of Compensation Paid or Agreed to be Paid, pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that the Browns and Attorney Thompson entered into two agreements, wherein the Browns agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,860 including the filing fee .

141) The Browns' case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

142) As of July 11, 2022, the Browns owe $550.00 on their Chapter 7 fees.

## Ramona Chandler/Colin Jankowski

143)  On or before January 18, 2021, Attorney Thompson, offered  Ramona Chandler and Colton Jankowski (hereinafter jointly referred to as the Clients) two options for the payment of Thompson's representation of them in their filing a chapter 7 bankruptcy.  These options were Option 1 to pay Attorney Thompson $1,400 in full (plus the $338 filing fee) prior to  filing of their case or, Option 2, to pay Attorney Thompson nothing prior to the case being filed and to pay $2,799.94 (inclusive of the filing fee ) in installments paid after their petition was filed with this Court.

144)  After being advised by Thompson of the information set forth in the Pre-Filing Agreement, and that they should choose Option 1 if they could, the Clients  chose Option 2.

145)  On or before January 18, 2021, the Clients provided to Attorney Thompson their pay advices.

146)  On January 18, 2021, the Clients and Thompson signed a Pre-Filing Agreement wherein in part, Thompson agreed to provide certain pre-filing chapter 7 bankruptcy services and the Clients agreed to pay Thompson $0.00.

147)  The Clients signed and affirmed their original bankruptcy documents, on January 18, 2021, containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on January 18, 2021(DOC 1 Original Petition 21-30096).

148) On January 19, 2021, the Clients and Mr. Thompson signed a Post- Filing Agreement wherein Mr. Thompson agreed to provide the Clients both the Post-Filing Services and the Supplemental Post-Filing Services described in the Pre-Filing Agreement and the Clients

agreed to pay Mr. Thompson $2,799.94 over 26 bi-weekly post-filing installments of $107.69 beginning February 7, 2021, via a pre-authorized automatic withdrawal/payment.

149) On January 19, 2021, the Clients signed and affirmed their remaining bankruptcy documents, each containing the same information and data as indicated in the electronically signed version as Thompson filed with this Court on January 19, 2021 (DOC 7 Remaining Schedules).

150) On January 20, 2021, Attorney Thompson filed with this Court a Statement of Compensation Paid or Agreed to be Paid pursuant to 11 U.S.C. 329 and Federal Rule of Bankruptcy Procedure Rule 2016 which in part provided that the Clients and Thompson entered into two agreements, wherein the Clients agreed pre-petition to pay Attorney Thompson $0.00 and agreed post-petition to pay Thompson $2,799.94 including the filing fee .

151) On March 13, 2021, the Clients signed and affirmed their Amendment to Schedules I and J each containing the same information, data and representations as indicated in the electronically signed version as Thompson filed with this Court on March 13, 2021 (DOC 22 Amendment to Schedules). including but not limited to representations that the Clients would be facing a net monthly deficit post-petition of approximately $570 (Amended Schedule I/J). .

152) The Clients' case was an uncomplicated chapter 7 case that did not require Thompson to provide the non-standard services he was contractually required to provide if needed, and did not involve the need to be represented in any adversary, discharge, or other contested matters and generally presented an uncomplicated factual situation.

153) As of July 11, 2022, the clients owed $0.00 on Chapter 7 fees.

**B.      Statement of Contested Facts,**

154)  Contested facts include whether Thompson prepared and filed documents which reasonably and accurately reflect the Debtor's actual financial situation and/or the accurate financial relationship between the Debtor and Thompson. This includes but is not limited to:

a)      in the Bailey matter, preparing and filing documents which do not accurately reflect the $200 paid to Thompson prior to the filing of her current chapter 7 proceedings.

b)      In the Torusio matter, scheduling $480 of "Other Income Regularly Received" on Schedule I/J which the Torusios did not receive.

c)      In the Parr matter, failing to include any reasonable expenses including any monthly expenses for food post-petition on Schedule I/J.

d)      in Jackson, failing to fully include post-petition expenses/payments for attorney fees (Schedule I/J).

e)      In Justin Baker and in the Beeler matter, not accurately considering all debtor's post-petition expenses or household income (Schedule I/J)

f)      In theBeeler and Chandler  matter, failing to accurately reflect accurately Debtor's actual income or all reasonable expenses post-petition, on the appropriate Schedule I/J.

**C.      Statement of Contested Legal Issue**

155)  Did Thompson fully complete his required obligations of due diligence in his preparation of and filing of the Debtor's bankruptcy petition, schedules and supporting documents?

156)  Whether Thompson adequately disclosed and counseled each debtor regarding the fee agreements and the differences and obligations under Option 1 and Option 2 so that each Debtor could determine for themselves what was in their best interest at that particular time and as they saw their individual situations.

157)  Were the fee agreements entered into between each Debtor and Thompson in the Debtor's best interest?

158)  Were the Disclosures as filed by Thompson in each case, adequate under 11 U.S.C. §§ 329 (a) and Federal Rules of Bankruptcy Procedure Rules 2016 and 2017?

159)  Were the fees charged by Thompson in each case reasonable and necessary in light of the services he was contractually required to provide?

160)  Were the fees charged by Thompson excessive, in that, did the amount actually charged by Thompson exceed the reasonable value of the actual services actually provided by Thompson, or that Thompson was contractually obligated to provide to the Debtor?

161)  If  the fees charged by Thompson were not reasonable and/or were excessive, should the agreements between Thompson and each Debtor be canceled, or what amount should Thompson be ordered to return to the Debtor(s) under 11 U.S.C. §§ 329 (a) and Federal Rules of Bankruptcy Procedure Rules 2016 and 2017?

162)  In light of all factors this Court finds relevant , did Thompson act in good faith?

**D.      Brief Summary of What the Evidence Will Tend to Prove**

163)  The United States Trustee believes the evidence will tend to prove that the disclosures provided were not adequately disclosed to the Debtors or to the Court and that the sum charged by Thompson was not reasonable, nor necessary, and that the sum agreed to be paid by each Debtor, exceeded the reasonable value of such services actually provided by Attorney Thompson and should be canceled and all sums paid by the Debtors should be ordered to be repaid to them by Attorney Thompson. The evidence will also tend to prove that Thompson did not fully complete his required obligations of due diligence in his preparation of and filing of the Debtor's bankruptcy petition, schedules and supporting documents and that the fee agreements entered into

between each Debtor and Thompson were not the Debtor's best interest.  Mr. Thompson believes

that the evidence will tend to prove the opposite of what the United States Trustee believes, and

that as a result, no relief should be entered against him.

       Dated: July 25  2022

Respectfully submitted,
Paul A Randolph ACTING UNITED STATES
TRUSTEE


/s/ Timothy E. Ruppel
By: Timothy E. Ruppel
Trial Attorney for the Office of the United States
Trustee


Respectfully submitted,

Nick C. Thompson


/s/Joseph E. Cotterman
JOSEPH E. COTTERMAN
LAW OFFICES OF JOSEPH E
COTTERMAN, PLLC
5232 West Oraibi Drive
Glendale, AZ  85308
Telephone:  (480) 353-0540
*Co-Counsel for Nick Thompson*


/s/Scott A. Bachert
SCOTT A. BACHERT
KERRICK BACHERT PSC
1025 State Street
P O Box 9547
Bowling Green, KY  42102-9547
Telephone:  (270) 782-8160
*Counsel for Nick Thompson*