IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| **RICKY AND LORIE JEAN BALDWIN**[1] | ) | Case No. 20-10009 JAL |
| | ) | Chapter 7 |
| Debtors, | ) | |
| | ) | |

## JOINT MOTION TO APPROVE COMPROMISE AND SETTLEMENT BETWEEN THE UNITED STATES TRUSTEE AND MICHAEL L. HARRIS REGARDING MOTION FOR RETURN OF FEES

Paul A. Randolph, the Acting United States Trustee for Region 13 (the "UST"), and Michael L. Harris, each through their undersigned counsel in these cases[2] (together, the "Financed Cases"), jointly seek approval of a settlement and compromise of the issues raised, and relief requested, in the *United States Trustee's Motion For Order Requiring The Return Of Fees Paid On Canceled Attorney Fee Agreement*, filed on January 20, 2022 at ECF docket number 70 (hereinafter, the "Motion"). In support of their request, the UST and Mr. Harris submit the following:

**I.    PROCEDURAL BACKGROUND**

1.    On April 3, 2020, the Court, *sua sponte*, entered an Order requiring Mr. Harris to "show cause for failure to disclose the post-petition balance due at the time of the filing of the Disclosure of Compensation of Attorney in compliance with 11 USC Section 329 and Fed.R.Bank.P. 2016" (the "OSC").

---

[1] In addition to the Baldwin matter captioned above, the 10 other cases that are unrelated but will be affected by the Court's resolution of this Motion are In re Maddox 20-10037, In re Lawhorn 20-10048, In re Hadley 20-10068, In re Carlton 20-10088, In re Ollery 20-10084, In re Baldock 20-10158, In re Ray 20-10211, In re Thomas 20-10207, In re Janes 20-10225 and In re Hutchins 20-30066. The debtors in each case are collectively referred to herein as "Debtors."

[2] This case, together with the cases that have been identified in footnote 1 above.

2. Mr. Harris filed a Response to the OSC at ECF docket number 19 on July 28, 2020.

3. After a hearing, on October 5, 2021, the Court entered its Memorandum Opinion at ECF docket number 42 (and related "Final Order" at ECF docket number 43), in which the Court made various findings of fact and conclusions of law, canceled Mr. Harris' fee agreements with Debtors, and directed the United States Trustee to "take further action with respect to the canceled agreements" consistent with the Court's decision."

4. On October 19, 2021, at ECF docket number 47, Mr. Harris filed a motion requesting the Court to Reconsider its October 5, 2021 Orders. After a hearing, on January 11, 2022 at ECF docket number 67, the Court entered its order denying the motion to reconsider.

5. Pursuant to the Court's directive included in the orders referenced above, on January 20, 2022, at ECF docket number 70, the UST filed the Motion, requesting that the Court enter an Order directing Mr. Harris to repay to each Debtor any sums already paid on the canceled fee agreements. On February 9, 2022, Mr. Harris filed a response to the Motion at ECF docket number 74, opposing the relief requested in the Motion.

## II. JURISDICTIONAL BASIS

6. Each of these Chapter 7 bankruptcy cases was filed in the United States Bankruptcy Court for the Western District of Kentucky in 2020 by Mr. Harris, beginning with the Baldwin case on January 6, 2020.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1334(a) and an order of reference from the United States District Court for the Western District of Kentucky under 28 U.S.C. § 157(a). Venue for each of the Debtors' cases is proper in the Western District of Kentucky under 28 U.S.C. § 1408.

8. The issues arising in these cases are core bankruptcy matters under 28 U.S.C. §§ 157(b)(2)(A) and (O). To the extent that the issues arising in these cases are determined to be either statutorily or constitutionally non-core, the parties nevertheless consent to the entry of a final judgment by the Bankruptcy Court regarding this settlement motion.

### III. OPERATIVE TERMS OF AGREEMENT

The UST and Mr. Harris agree as follows:

9. Mr. Harris acknowledges and agrees that pursuant to the Memorandum Agreement and the Final Order, all fee agreements between Mr. Harris and Debtors are canceled.

10. Mr. Harris waives any right to file an appeal regarding the Memorandum Opinion, the Final Order, or the Court's Order denying reconsideration of the foregoing.

11. In all future bankruptcy cases filed by Mr. Harris, he will comply with all federal and local rules then in force regarding the disclosure and approval of any fee arrangements, including but not limited to Fed. R. Bankr. P. 2016(b) and L.R. 2016-1.

12. Mr. Harris has ceased to advance, and will not advance in the future, any bankruptcy filing fee unless and until doing so is expressly permitted by intervening amendments to the Bankruptcy Code, Federal Bankruptcy Rules, or Local Bankruptcy Rules, or binding precedential court authority in the Western District of Kentucky.

13. Mr. Harris[3] has ceased using, and will not in the future engage in, any dual contract fee arrangement which unbundles services in Chapter 7 cases filed in the Western District of Kentucky, unless expressly permitted by Court order or any rule then in force, or by intervening amendments to the Bankruptcy Code, Federal Bankruptcy Rules, or Local Bankruptcy Rules, or precedential court authority binding in the Western District of Kentucky.

---

[3] In regard to any agreement concerning future conduct, or refraining from future conduct, references to Mr. Harris also include any law firm owned or operated by him, or through which he practices law.

3

14. Mr. Harris has ceased to file, and will not file in the future, any Chapter 7 bankruptcy case in the Western District of Kentucky using financing by Fresh Start Funding, its affiliates, successors, assigns, or any equivalent or substantially similarly entity offering similar financing, unless expressly permitted by Court order or any rule then in place, or by any intervening amendments to the Bankruptcy Code, Federal Bankruptcy Rules or Local Bankruptcy Rules, or by precedential court authority binding in the Western District of Kentucky. However, Mr. Harris may utilize such financing for non-bankruptcy matters.

15. Mr. Harris has ceased to file, and will not file in the future, any bankruptcy case under any engagement agreement that is required by Section 528(a) of the Bankruptcy Code and that was substantially drafted by any third party (other than the debtor in the case or a commonly-used and accepted retail software platform such as Best Case), unless such agreement or a draft thereof, is first provided to the UST in advance of the filing of the case.

16. Mr. Harris will self-report within thirty (30) days after the entry of any order approving this settlement, the facts and circumstances of these cases to the Office of the Chief Disciplinary Counsel of the Kentucky Bar, with a copy of the Court's October 5, 2021 Memorandum Opinion attached as an exhibit. Nothing herein is intended to be construed as an admission that any specific rule of conduct may have been violated, or that Mr. Harris may not provide a full and complete defense to any allegation or conclusion that he may have violated any rule of professional conduct. In addition, nothing in this motion and the parties' agreement shall operate to, or be construed to, impair the UST's right to respond to or comment to the Office of the Chief Disciplinary Counsel of the Kentucky Bar, as the US Trustee deems appropriate.

17. Mr. Harris may file a motion seeking relief under Federal Rule of Bankruptcy Procedure 9023, 9024, or any other applicable rule, provided that such relief shall be limited to a

request that the Court's Memorandum Opinion and Final Order be vacated or modified as they pertain to the Court's findings of ethical violations, and provided that any such request for relief shall not request that the cancelled fee agreements be reinstated.  Any such motion (as limited above) shall not be a violation of the agreement set forth in this motion, and shall not otherwise be a breach of the parties' settlement of the matters identified herein.  Should Mr. Harris file any such motion, nothing in this motion and the parties' agreement shall operate to, or be construed to, impair the UST's right to respond to such motion as it deems appropriate.  Moreover, should Mr. Harris file such a motion, nothing in this motion or the parties' agreement shall operate to, or be construed to, limit, impair, or alter the Court's authority and discretion to grant or deny such relief as it may deem appropriate.

18. Mr. Harris or a representative acting on his behalf shall refund to each of the following Debtors the amounts specified below. The amounts below represent amounts actually paid by each individual Debtor in each case that exceeds the amount of Mr. Harris' fee generally charged in prepaid, nonbifurcated cases.

    a.    Baldwin - $850  (comprised of $515 in attorney fees plus the $335 filing fee);

    b.    Maddox - $850  (comprised of $515 in attorney fees plus the $335 filing fee);

    c.    Lawhorn - $850  (comprised of $515 in attorney fees plus the $335 filing fee);

    d.    Hadley - $850 (comprised of $515 in attorney fees plus the $335 filing fee);

    e.    Ollery - $850 (comprised of $515 in attorney fees plus the $335 filing fee);

    f.    Baldock - $0 (because the amount actually paid by Mr. Baldock does not exceed the amount of the filing fee plus the attorney fee Mr. Harris generally charged in prepaid, nonbifurcated cases);

    g.    Ray - $850  (comprised of $515 in attorney fees plus the $335 filing fee);

      h.        Janes - $850 (comprised of $515 in attorney fees plus the $335 filing fee);

      i.        Hutchins - $850 (comprised of $515 in attorney fees plus the $335 filing fee);

      j.        Thomas - $850 (comprised of $515 in attorney fees plus the $335 filing fee);

      k.        Carlton - $450 (comprised of $115 in attorney fees plus the $335 filing fee).

19.     To the extent that any Debtor(s) owe any outstanding obligation under either the Prepetition Agreements or Postpetition Agreements in these cases, Mr. Harris forever waives and discharges such obligations, and Mr. Harris shall direct any third party (including but not limited to FSF) to cease any collection activities, to cease furnishing any negative or adverse credit information to any credit reporting agency, as that term is defined by 15 U.S.C. § 1681a, and to rescind and remove any negative or adverse credit information previously furnished. Mr. Harris shall provide written confirmation of the foregoing to each of the Debtors within 21 days of the date any order is entered approving this settlement motion, and provide the UST with sufficient proof of the same.

20.     Within 45 days of the Court's approval of this Settlement, Mr. Harris shall make all payments to every Debtor as set forth above. Mr. Harris shall file a declaration under penalty of perjury that he has made all of the refund payments required by this settlement and motion within seventy-five (75) days after the entry of an order approving this settlement motion.

21.     The UST hereby waives and releases any further claims against Mr. Harris, that Mr. Harris violated 11 U.S.C. §§ 329, 526 and 528, Fed. R. Bankr. P. 2016, and any Local Bankruptcy Rule, in connection with the fee agreements in these cases. Notwithstanding the foregoing, the parties agree that such release shall not apply to any other Chapter 7 cases Mr. Harris has filed, any issues not raised in the UST's pleadings and briefing filed in this matter, or any further Orders to Show Cause entered sua sponte by any court related to these cases, or any professional

disciplinary referrals or proceedings before any court or attorney disciplinary authority, state or federal.

22. Mr. Harris waives and releases any claim that the United States Trustee may have violated any provision of law in conducting the investigation or prosecution of these claims, including but not limited to any claim under the Equal Access to Justice Act, 5 U.S.C. § 504.

23. Each party shall bear their own fees and costs in these cases.

24. The agreement set forth in this motion shall not be binding and effective until approved by the United States Bankruptcy Court for the Western District of Kentucky.

WHEREFORE, the parties pray for an order approving the settlement and compromise contained in this motion on the terms and conditions set forth herein; and for whatever other relief the Court deems just and proper.

Respectfully submitted,

/s/Scott A. Bachert
SCOTT BACHERT
KERRICK BACHERT PSC
1025 State Street
P O Box 9547
Bowling Green, KY  42102-9547
Telephone:  (270) 782-8160
Facsimile:  (270) 782-5856
sbachert@kerricklaw.com
Counsel for Michael Harris

/s/Joseph E. Cotterman (w/consent)
JOSEPH E. COTTERMAN
**LAW OFFICES OF JOSEPH E. COTTERMAN, PLLC**
5232 West Oraibi Drive
Glendale, AZ 85308
Telephone:  (480) 353-0540
joe@jeclaw.us

/s/Timothy E. Ruppell (w/consent)
TIMOTHY E. RUPPEL
Assistant U.S. Trustee
Office of the United States Trustee
Western District of KY, Region 8
(502) 582-6000 (Ext. 222)
Tim.Ruppel@usdoj.gov